IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME DAMASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| CLEARWIRE CORPORATION, | ) | Removed from the Circuit Court |
| | ) | of Cook County, Illinois |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441 and §1446, Defendant CLEARWIRE CORPORATION, by its attorneys Ice Miller, LLP, for its Notice of Removal states as follows:

1. On April 16, 2010, Plaintiff filed an action in the Circuit Court of Cook County, Illinois, captioned *Jerome Damasco v. Clearwire Corporation,* No. 10 CH 16649 (the "State Court Action").

2. The complaint in the State Court Action contains a single count which purports to state a claim under a federal statute, the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. §227. Plaintiff alleges that Clearwire sent text messages to the cell phones of Plaintiff and the putative class in violation of the TCPA. Plaintiff seeks to bring this action as a class action.

3. Plaintiff served Clearwire Corporation with the summons and the complaint from the State Court Action on April 22, 2010. A copy of the summons and complaint in the State Court Action are attached hereto as Exhibit 1, pursuant to 28 U.S.C. §1446(a). No other process, pleadings or orders have been served on Clearwire in the State Court Action. Accordingly, this Notice of Removal is timely under 28 U.S.C. §1446(b), as it is filed within thirty days after Clearwire was served with a copy of the Initial Pleading setting forth the claim for relief upon which this action is based.

4. Removal of the State court Action to this Court is proper pursuant to 28 U.S.C. §1441(a). This Court has original federal question subject matter jurisdiction over the claim brought in the State Court Action under 28 U.S.C. §1331 because it asserts a claim under the TCPA, which is a law of the United States. It is well recognized in this Circuit that federal courts have federal question jurisdiction over TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005).

5. This Notice of Removal is timely under 28 U.S.C. §1446(b) in that it was filed within thirty days after service of the summons and complaint on Clearwire on April 22, 2010.

6. Clearwire Corporation will give prompt written notice of the filing of this Notice of Removal to counsel for plaintiff, and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, as provided by 28 U.S.C. §1446(d).

**WHEREFORE**, Clearwire Corporation requests that the State Court Action be removed to this Court, and that this Court issue any order or process as may be necessary to bring it before all parties to the State Court Action, pursuant to 28 U.S.C. §1447(a).

Respectfully submitted,

**CLEARWIRE CORPORATION**

By: /s/ Bart T. Murphy
      One of its Attorneys

Bart T. Murphy (ARDC No.: 6181178)
Thomas J. Hayes (ARDC No.: 6280179)
**ICE MILLER LLP**
2300 Cabot Dr., Suite 455
Lisle Illinois 60532
630-955-6392

Joan G. Ritchey (ARDC No. 06275776)
**ICE MILLER LLP**
200 West Madison, Suite 3500
Chicago, Illinois 60606
312-726-7145