### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEROME DAMASCO, individually and on behalf of a class of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) CLEARWIRE CORPORATION, a ) Delaware Corporation. ) ) *Defendant*. ) | No. 10-CV-03063 Hon. James B. Zagel |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

## INTRODUCTION

Defendant Clearwire Corporation ("Clearwire"), an internet service provider, made spam text message calls to people throughout the United States, including to Plaintiff Jerome Damasco, in contravention of the prohibitions in the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Clearwire does not dispute that it made these calls, that such calls violate the TCPA, or that it lacked consent from Damasco and the purported class.

Instead, in an act of pure gamesmanship, Clearwire served Damasco with a "settlement offer" on May 14 purportedly providing him with all the relief he could seek, in an attempt to moot the case. Clearwire then removed this case, to prevent Damasco from certifying the class in Illinois, which protects against the very type of pick-off attempted here. That removal, however, asserted that this case remained justiciable, and effectively revoked the purported offer of May 14. Clearwire filed this Motion the next day, denying the very jurisdiction it asserted in the removal notice. This Court should reject Clearwire's gamesmanship and deny its Motion. To the extent the Court agrees with Clearwire's mootness argument, however, it should remand the case to state court. If the Court lacks jurisdiction by virtue of Clearwire's "settlement offer," then the case was not properly removed in the first instance.

## ARGUMENT

As a preliminary matter, Clearwire should be estopped from even raising the arguments made in its Motion to Dismiss. Clearwire itself invoked the jurisdiction of this Court by filing its Notice of Removal on May 18, 2010, four days after sending the letter of May 14, 2010 (the "May 14 Letter" or "Ltr."). In its Notice, Clearwire states that removal "is proper pursuant to 28 U.S.C. §1441(a). This Court has original federal question subject matter jurisdiction over the claim." Notice of Removal, Dkt. No. 1, ¶ 4. If, as Clearwire contends, this Court had subject matter jurisdiction on May 18, then *a fortiori*, either its May 14 Letter did not moot the claim, or

the removal revoked the purported offer. Clearwire should be judicially estopped from changing its position now. *See Illinois ex rel. Gordon v. Campbell*, 329 U.S. 362, 369 (1946) (finding that "the state should be held estopped to contest insolvency" when state's complaint alleged such insolvency). Clearwire cannot have it both ways. It cannot invoke this Court's jurisdiction for the sole purpose of arguing that such jurisdiction is lacking.

Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8 (2000)); *see also* 18 C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4477, p. 782 (1981) ("a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory"). Clearwire asserted on May 18 that this Court had jurisdiction over this case, yet the very next day claimed that its May 14 Letter "strips the Court of jurisdiction." Mem. in Support, Dkt. No. 11, at 3. Judicial estoppel requires that Clearwire's earlier position be accepted and its later, contradictory position denied.

### I. CLEARWIRE'S MAY 14 LETTER WAS NOT A "COMPLETE SETTLEMENT OFFER"

Even if this Court entertains Clearwire's Motion, the May 14 Letter was not an "offer" under the law of contracts of Illinois,[1] and if it was an "offer," it was revoked by Clearwire's removal of the case to this Court. Under Illinois law, a "settlement agreement is in the nature of a contract and is governed by principles of contract law." *K4 Enterprises, Inc. v. Grater, Inc.*, 914 N.E.2d 617, 624 (Ill. App. Ct. 2009) *appeal denied,* 234 Ill. 2d 523 (2009). For a contract to

---

[1] As the May 14 Letter was tendered prior to removal, Illinois law applies to the supposed offer and its revocation. Illinois law states that "the validity, construction and obligations of a contract are governed by the law of the place where it is made." *Progressive Ins. Co. v. Williams*, 884 N.E.2d 735, 738 (Ill. App. Ct. 2008).

2

be enforceable, "the material terms of the contract must be definite and certain." *Id*. (citing *Midland Hotel Corp. v. Reuben H. Donnelley Corp.,* 118 Ill. 2d 306, 314 (1987)). A contract's terms are only "sufficiently definite and certain" where "the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principles of equity, to ascertain what the parties have agreed to do." *Id*. (collecting authorities).

The May 14 Letter is anything but definite and certain. An "offer is an act on the part of one person giving another person the legal power of creating the obligation called a contract.… Where 'the so-called offer is not intended to give the so-called offeree the power to make a contract there is no offer.'" *La Salle Nat. Bank v. Vega*, 520 N.E.2d 1129, 1133 (Ill. App. Ct. 1988) (citing *McCarty v. Verson Allsteel Press Co*., 411 N.E.2d 936, 942, 943 (Ill. App. Ct. 1980)). Clearwire's May 14 Letter did not create such a legal power in Damasco, as it left many questions unanswered, including the total amount offered, the identities of the people to whom it was offered, the scope of the release contemplated thereby, and the parties to be released.

Several aspects of the May 14 Letter show that it was not an "offer." First, the "offer" is not for a definite sum, because it is unclear who is making the offer. While the letter provides in general terms that Clearwire "and its subsidiaries and affiliated entities," are offering to pay "the sum of $1,500 for each text message received," it specifies neither the identities of those subsidiaries and affiliates, nor the number of messages sent.[2] Ltr. at 1. This lacks the definiteness required of any settlement offer. The essential terms of a settlement must be "definite and certain" so that a court can ascertain the parties' agreement from the stated terms and provisions. *Wells Fargo Funding v. Draper & Kramer Mortg. Corp.,* 608 F. Supp. 2d 981,

---

[2] Companies in the SMS advertising industry take a broad view of what constitutes an "affiliate," adding further uncertainty to the purported offer. *See, e.g.,* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 955 (9th Cir. 2009) (rejecting argument by defendants that advertiser and provider of consent were "affiliates" because there was "no direct contractual relationship between" the parties).

3

985 (N.D. Ill. 2009) (citing *Dillard v. Starcon Intern., Inc.,* 483 F.3d 502, 507 (7th Cir. 2007)). Additionally, the purported offer in the letter was limited to Damasco and a maximum of nine other—unnamed—potential class members, setting up an "offer" made <u>by</u> unidentified parties <u>to</u> unidentified parties, for text messages which themselves are not identified.

In fact, Clearwire's letter required counsel for Damasco to inform Clearwire of the number of messages and the number of plaintiffs prior to any action or obligation on its part, and invites Clearwire to withdraw the offer upon provision of such information.[3] The so-called offer requires that Damasco take steps before the offer could even be effective, which prevents him from making a contract by mere acceptance. The test for an offer is whether it induces a reasonable belief in the recipient that he can, by accepting, bind the sender. *See Cobb-Alvarez v. Union Pac. Corp.*, 962 F. Supp. 1049, 1054 (N.D. Ill. 1997) (citing *Architectural Metal Sys., Inc. v. Consol Sys.*, 58 F.3d 1227, 1229 (7th Cir. 1995). A party's suggestion is not an offer if it contains "suitable language conditioning the formation of a contract on some further step." *Cobb-Alvarez*, 962 F. Supp. at 1054 (dismissing claim because plaintiffs could not have reasonably thought defendants were bound by their acceptance where the alleged offer required further assent from defendants); *see also Restatement (Second) of Contracts* § 26.

The letter also asks that Plaintiffs "execute a release" which releases "Defendants and others"—not just Clearwire, but also another company, Clearwire Legacy, LLC against whom no claim has been pled, and various unspecified "others." The "offer" also states that "similar claims of others" must be released as well. Damasco cannot be expected to give a blanket release to Clearwire, non-defendant Clearwire Legacy LLC and an unspecified number of "other" non-defendants in this case without any knowledge of what or who is being released.

---

[3] Furthermore, the limitation of the offer to 10 potential class members itself is designed to set up a conflict between class counsel and potential class members, as well as among the class members themselves.

Also, an offer, in order to "create a power of acceptance must contain all the terms of the contract to be made." *Premier Elec. Const. Co. v. Miller-Davis Co.*, 291 F. Supp. 295, 300 (N.D. Ill. 1968) *aff'd*, 422 F.2d 1132 (7th Cir. 1970). The "terms must be 'reasonably certain' and reasonably ascertainable from the acts and words of the parties." *Id*. (collecting authorities). Clearwire's letter contemplates a further agreement, stating that they "also request that <u>the agreement</u> provide that the settlement is confidential." Ltr., at 2 (emphasis added). For these additional reasons, the May 14 Letter fails the definiteness requirement of an offer.

Even if Clearwire's May 14 Letter constituted an "offer," it was effectively revoked before Damasco could act upon it. Based on its subsequent representation of continuing jurisdiction in its removal papers, Clearwire's removal was an effective revocation of the purported offer made in the May 14 Letter, leaving Plaintiff without the ability to accept the terms of the May 14 Letter. It "is elementary that an offeree's power to accept is terminated by either revocation of the offer or the 'non-occurrence of any condition of acceptance under the terms of the offer.'" *Rothenbuecher v. Tockstein*, 411 N.E.2d 92, 94 (Ill. App. Ct. 1980) (collecting authorities). The assertion of continuing jurisdiction was inconsistent with the May 14 Letter's earlier assertion of mootness; it must be seen as a revocation of that "offer," or an admission that the May 14 Letter did not render the case moot.

The May 14 Letter's "offer" is clearly not self-executing, nor is it sufficiently definite that it could be accepted, and it was inherently revoked. These ambiguities must be strictly construed against Clearwire, as under "Illinois law, a contract is to be construed strictly against the drafter." *Tranzact Technologies, Ltd. v. Evergreen Partners, Ltd*., 00 C 3215, 2001 WL 1035338, at *7 (N.D. Ill. Sept. 7, 2001) aff'd, 366 F.3d 542 (7th Cir. 2004). Strictly construing the ambiguities in the May 14 Letter against Clearwire, the letter is not an "offer" under Illinois law, and did not moot this case or Damasco's individual claims.

5

## II.   CLEARWIRE'S MAY 14 LETTER DID NOT MOOT PLAINTIFF'S CLAIMS OR ELIMINATE THE "CASE" OR "CONTROVERSY"

The May 14 Letter did not moot this lawsuit, even if it constituted a "complete settlement offer," as Clearwire contends.

### A.   Federal Cases Show that Courts Refuse to Allow Blatant Pick-Off Attempts Such as Clearwire's

The Seventh Circuit has recently noted its concern that "defendants might delay the grant of relief in class actions indefinitely by buying off the class representatives in succession," *Wrightsell v. Cook County,* 599 F.3d 781, 782 (7th Cir. 2010) (collecting authorities), in cases like the one presented here. The Court noted that allowing "a person to litigate a class action after his personal claim has evaporated" is acceptable in many situations, including "the inherently transitory claim," the "claim capable of repetition by the person advancing it but evading review," and "involuntary-settlement cases" which "permit a class representative who no longer has a personal stake in the class action to continue litigating it nonetheless." *Wrightsell*, 599 F.3d at 783 (collecting authorities). The Court explained that "several cases suggest that when the suit is a class action, the named plaintiff can refuse the offer and appeal," thus preserving standing against mootness. *Id.* The court went on to describe these "involuntary-settlement cases" as an exception to the mootness doctrine. *See id*. This case presents exactly such an "involuntary settlement" scenario.

The cases cited approvingly by the Seventh Circuit in *Wrightsell* are instructive. In *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008), the Fifth Circuit resolved a case where plaintiff sued under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The Court, faced with a Rule 68 offer of judgment, held that the "proper course, therefore, is to hold that when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of

6

the defendant's first actions is to make a Rule 68 offer of judgment." *Sandoz*, 553 F.3d at 920-21. The Court noted that "there must be some time for a plaintiff to move to certify a collective action before a defendant can moot the claim," finding that "this is the precise scenario in which application of the relation back doctrine would be appropriate." *Id*. at 921.

*Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), addressed a Rule 68 offer made before the Plaintiff filed a motion to certify the class. The Court rejected the Defendant's mootness argument (the same made by Clearwire here), stating that "a rule allowing plaintiffs to be 'picked off' at an early stage in a putative class action may waste judicial resources." *Weiss*, 385 F.3d at 345. Instead, the Court held that:

> the relation back doctrine should apply. Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.

*Id*. at 348.[4] The Court in *McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003), went so far as to create a rule that if "a defendant wishes to make an offer of judgment prior to class certification … it must do so to the putative class and not to the named plaintiff alone." 216 F.R.D. at 51. The import of these cases is obvious; a defendant cannot moot a class action by making an immediate offer only to the named plaintiff.

Clearwire argues that the Seventh Circuit's earlier decisions in *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994) and *Greisz v. Household Bank, N.A.,* 176 F.3d 1012 (7th Cir. 1999) support its argument that a defendant can moot a potential class action by offering full relief to the named plaintiff if the offer is made before class certification is sought. Those cases

---

[4] Other Circuit Courts have expressed similar concerns. S*ee, e.g., Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on defendant's offer of judgment only where class certification has been properly denied"); *Kline v. Wolf*, 702 F.2d 400, 404 (2d Cir. 1983) (reversing order forcing class representative to accept an involuntary settlement).

have been distinguished, as "neither addresses the issue of the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment." *W. Ry. Devices Corp. v. Lusida Rubber Products, Inc.*, 06 C 0052, 2006 WL 1697119, at *3 (N.D. Ill. June 13, 2006). Additionally, "In *Holstein*, the plaintiff never moved for class certification. In *Griesz*, the defendant's motion was filed after class certification had been denied. 'Although both of these cases make some distinction between settlement offers prior and subsequent to class certification, neither addresses the issue at hand, namely the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment.'" *Id*. Here the Plaintiff immediately moved for class certification when the offer was made.

The Seventh Circuit, like other Circuit Courts, has described "involuntary settlement" as an exception to mootness in the class action context, and that exception comports with this District's established "relation back" rule applicable to Rule 68 offers of judgment and the often-expressed concerns of all courts over involuntary "pick-off" settlement offer. This Court should apply that exception and determine that this case is not moot.

> B. *Both Illinois and Federal Law Allow a Motion for Class Certification to Relate Back to the Original Complaint*

Both Federal law and Illinois law contemplate the relation back of a class certification motion to the filing of the original complaint. The Supreme Court has stated that:

> [t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

*Sosna v. Iowa*, 419 U.S. 393, 402, n. 11 (1975). This case presents precisely such a situation. The case was filed on April 16 and service was effectuated on April 21. Clearwire made its

8

purported offer 23 days later, on May 14. The case was removed on May 18, and the class certification motion was filed that day. This Motion to Dismiss was filed the following day—May 19, just 28 days after service of the Complaint. There is simply no possibility that a court could reasonably be expected to rule on a certification motion in that short a timeframe.

Illinois law provides even clearer protection against the very type of pick-off Clearwire attempts here. Illinois courts have developed an express exception to mootness for class action suits in which the defendant makes a "tender offer" to the plaintiff prior to class certification. In a case like this, Illinois courts ask only whether the plaintiff exercised "reasonable diligence" in pursuing class certification. Where "a motion for class certification is filed after the defendant makes tender to the named plaintiff, the question becomes whether, under the circumstances, the plaintiff exercised the required reasonable diligence in pursuing his class action claim." *Akinyemi v. JP Morgan Chase Bank, N.A.*, 908 N.E.2d 163, 171 (Ill. App. Ct. 2009). The rule followed by the Illinois courts was explained in *Gelb v. Air Con Refrigeration & Heating, Inc.*:

> Ultimately, however, a determination of whether defendants' tender has supplied plaintiff with all he requested is not the deciding factor of this case. Rather, we believe the crux of the matter is to be resolved through an examination of when, in the life span of this suit at the trial level, such tender was made. For even if a court is to conclude, as we have, that full tender has been made, a question still exists as to whether the tender unfairly 'picked off' the prospective class action representative without offering him a full opportunity to develop his class action claim. As will become apparent, we believe that is exactly what happened in this case.

761 N.E.2d 265, 269 (Ill. App. Ct. 2001). The court stated: "the interests of the absent class as well as the integrity of the judicial process, namely, allowing a plaintiff a reasonable opportunity to file a motion for certification, outweigh any concerns of whether plaintiff has been tendered the full amount of his claim or whether he has even filed a motion for certification." *Id.* at 822. This line of reasoning has been upheld repeatedly. *Barber v. Am. Airlines, Inc.,* 1-09-0952, 2010 WL 546359 (Ill. App. Ct. Feb. 11, 2010), *appeal allowed*, 236 Ill. 2d 550 (2010); *Akinyemi*, 908

9

N.E.2d 163; *Bruemmer v. Compaq Comp. Corp.*, 768 N.E.2d 276, 283 (Ill. App. Ct. 2002); *Hillenbrand v. Meyer Med. Group, S.C.*, 720 N.E.2d 287 (Ill. App. Ct.1999).

When the May 14 Letter was sent, this case was pending in Illinois state court, not in this Court. Following Illinois law, this Court should find that Plaintiff's Motion for Class Certification relates back to the date of filing of the Complaint.

C. *Clearwire's Attempted Evasion of Rule 68 Should be Rejected*

Clearwire cleverly avoided making its purported settlement offer under Rule 68 because Rule 68 allows relation back of the class certification motion, which would invalidate Clearwire's argument.[5] *See W. Ry. Devices Corp.*, 2006 WL 1697119, at *2. Although the Seventh Circuit has not addressed the issue, several district judges have ruled that if a plaintiff files a class certification motion during the ten-day "offer" period following an offer of judgment, the claim is not rendered moot by the offer. *Id*. (collecting authorities).

Clearwire's counsel has devised a scheme to obviate Rule 68. Instead of making an offer of judgment, Clearwire's counsel instead makes "settlement offers" in the same amount, in an effort to avoid relation back of a class certification motion. This tactic has worked at least once. In *Baker v. N.P.F. Liquors*, 08 C 3494, 2009 WL 212114 (N.D. Ill. Jan. 28, 2009), which Clearwire attaches, Clearwire's counsel[6] made two simultaneous offers: one under Rule 68, and the other a general "settlement offer." The court initially denied the motion to dismiss, stating that "we were unwilling to permit defendants to derail class actions by buying off named plaintiffs for nominal amounts early in a case." *Baker*, 2009 WL 212114, at *3. But the *Baker*

---

[5] The May 14 Letter was also sent while the case was pending in the Circuit Court of Cook County, not in this Court. As discussed above, a purported tender offer does not moot a class action suit in Illinois. *See* Section II.B, *supra*.

[6] Counsel for N.P.F. Liquors in that case was Mr. Murphy, Clearwire's counsel here. Mr. Murphy is also counsel for Fidelity Communications Corp. in *Martin v. PPP., Inc.*, No. 10 CV 0140, the case cited as additional authority by Clearwire on June 29, 2010.

court reconsidered, and held that the settlement offer, independent from the Rule 68 offer, rendered the case moot, stating the claim was "moot once the offer was extended." *Id*. at *10.

The *Baker* opinion has never been followed, nor was it even discussed in another case until this past week, where the defendant was also represented by Clearwire's counsel. *Baker* was cited this past week in *Martin v. PPP, Inc.*, No. 10-CV-0140 (N.D. Ill. June 25, 2010), a similar case in which Clearwire's counsel made a non-Rule 68 "settlement offer" to Plaintiff, followed by a Motion to Dismiss in asserting mootness as its defense. In the *Martin* case, however, the Plaintiff waited 14 days to file his class certification motion, and the opinion is unclear whether filing a class certification motion within 10 days would have obviated mootness.

Clearwire's tactic of avoiding relation back by making "settlement offers" that do not conform to Rule 68 should be rejected, as it would render Rule 68 a dead letter in class actions. Even the *Baker* opinion noted that "From a policy standpoint … it makes little difference what form defendant's offer takes: the potential to undermine class actions is the same." *Baker*, 2009 WL 212114, at *10. If the form of the offer is not controlling, then the same principles allowing relation back under Rule 68 and Illinois law should apply to defeat Clearwire's attempt to escape liability.

          D.      *The Injury in this Case is Capable of Repetition, yet Evading Review*

Even if this Court were to determine that Damasco's individual claims were moot, dismissal would not be warranted here. The "mooting of the class representative's personal claim does not bar him from continuing to represent the class. There may be times when a proposed named plaintiff's claims become moot before the district court can reasonably be expected to rule on a certification motion." *Kazarov v. Achim*, 02 C 5097, 2003 WL 22956006, at *3 (N.D. Ill. Dec. 12, 2003) (citing *Sosna*, 419 U.S. at 402, n. 11). This rule is applicable to

cases when a defendant's conduct is "capable of repetition, yet evading review." *Id*. In such cases, the court may allow "picked-off" plaintiffs to continue representing classes of those similarly injured, but who have not been given the individual relief specifically designed by defendants to moot a case. In cases involving claims that are "capable of repetition, yet evading review," the court should examine "the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review" in deciding whether to "relate back" the certification to the filing of the complaint and thus avoid mootness." *Id*.

Defendant Clearwire's suggestion that no class was certified or class certification motion pending at the time it made its purported offer is of no moment. The law is clear that "[s]o long as plaintiff's injury is not moot at the time her federal complaint is filed, subsequent resolution of her injury will not moot her claim for the purposes of her standing to pursue the class claims." *Carter v. Doyle*, 95 F. Supp. 2d 851, 857 -858 (N.D. Ill. 2000). The law "should not be read to suggest that the timing of class certification is important, especially where the injury is inherently transitory." 95 F. Supp. 2d at 858 (citing *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 398, n. 6 (1980)). Here, the injury to Damasco and the other class members is inherently transitory, and the Defendant's conduct is "capable of repetition, yet evading review." The injury is an invasion of privacy by the sending of unwanted text message advertisements, protected by the TCPA. As shown by the actions of Defendant Clearwire in this very case, it will attempt to moot actions by attempting to make offers to unnamed potential plaintiffs in the hopes of exhausting the number of willing class representatives. The very purpose of the offer was to evade review.

Courts do not lose their ability to determine the legality of a defendant's conduct even when defendants promise not to do it again, as Clearwire suggests in its May 14 Letter. As the Supreme Court made clear in *Friends of the Earth, Inc. v. Laidlaw Env. Svcs., Inc.,* 528 U.S. 167

12

(2000), "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" because if "it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.'" 528 U.S. at 189 (internal citations omitted). Where the defendants' voluntary cessation of illegal conduct purports to moot a claim, the defendants bear a "'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up." *Id*.

The *Friends of the Earth* Court summarized its mootness jurisprudence by stating that: "there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." *Id*. at 167. It is not speculative here. Clearwire's purported promise to stop sending unwanted text messages fails to specify on whose behalf the offer is made, or even how it obtained Damasco's phone number to send him messages. Nothing in the May 14 Letter would prevent Clearwire from continuing to send messages through its unnamed "subsidiaries and affiliates." Even if this Court finds Damasco's individual claim moot, the likelihood that Clearwire's conduct will continue supports standing under the theory that their conduct is capable of repetition, yet evading review.

### III. IF THIS COURT DETERMINES THAT THERE IS NO "CASE" OR "CONTROVERSY" IT SHOULD REMAND

Clearwire removed this case on May 18, 2010, asserting that this Court had subject matter jurisdiction over the cause of action. The very next day, Clearwire filed its motion to dismiss, asserting that this Court lacked the very subject matter jurisdiction that it just invoked. If this Court determines that Damasco's claims are moot, the proper action is to disclaim jurisdiction and remand, not to grant a Motion to Dismiss. If Clearwire is correct, then the case was moot under Federal law at the time it was removed, and removal was improper.

13

The Constitution permits a Federal Court "to decide legal questions only in the context of actual 'Cases' or 'Controversies.' *Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. (collecting authorities). A District Court must first ensure that it has jurisdiction before proceeding to the merits of the case, as the Article III restriction on cases and controversies:

> requires that the party invoking federal jurisdiction have standing-the personal interest that must exist at the commencement of the litigation. But it is not enough that the requisite interest exist at the outset. To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.

*Davis v. Fed. Elec. Comm'n*, 128 S. Ct. 2759, 2768 (2008) (internal citations and quotation marks omitted).[7] "If a dispute is not a proper case or controversy, the courts have no business deciding it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

If, as Clearwire argues, this case is moot, then Clearwire had no standing to invoke the jurisdiction of this Court. *See, e.g., Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) ("[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate"); *Wiskur v. Short Term Loans, LLC*, 94 F. Supp. 2d 937, 939 (N.D. Ill. 2000) (finding "the TILA claim was moot *once the offer was made*") (emphasis added). As a result, this Court should find that it lacks subject matter jurisdiction over the case and should remand it back to the Circuit Court of Cook County.[8]

The lack of a "case or controversy" under Article III would be the end of a case filed in Federal court, but this case presents an odd intersection of Illinois law and Federal law. Even if,

---

[7] The Seventh Circuit has similarly ruled that "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. To qualify as a case fit for federal-court adjudication, there must be 'an actual controversy [in existence] at all stages of review, not merely at the time the complaint is filed. If a dispute is not a proper case or controversy, the courts have no business deciding it." *Bond v. Utreras*, 585 F.3d 1061, 1068-1069 (7th Cir. 2009).

[8] Plaintiff's counsel requested at the June 3, 2010 presentment hearing on this Motion that the Court remand this case if it determines jurisdiction to be lacking.

under Federal law, this case is moot, under Illinois law and in Illinois courts, it clearly is not. Illinois law relating to class action lawsuits looks to the diligence of a plaintiff in moving for class certification before mootness, and protects against the very type of pick-off Clearwire is attempting here. *See* Section II.B, *supra*. Although Plaintiff argues above that Federal law evidences the same preference for a Plaintiff's right to maintain the suit through a timely-filed class certification motion as does Illinois law, even if this Court disagrees, the resolution is to remand the case, not dismiss it.

## CONCLUSION

For the reasons discussed above, Plaintiff Jerome Damasco, individually and on behalf of the putative class, respectfully requests that the Court deny the pending Motion to Dismiss and proceed to consideration of Plaintiff's Motion for Class Certification, or in the alternative, remand the case to the Circuit Court of Cook County.

Dated: July 1, 2010                     Respectfully submitted,

                                                           **JEROME DAMASCO**, *individually and on behalf of a class of similarly situated individuals*

                                                           /s/ Michael J. McMorrow
                                                         One of his attorneys

Michael J. McMorrow
Ryan D. Andrews
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378

15