IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME DAMASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10 CV 3063 |
| | ) | |
| CLEARWIRE CORPORATION, | ) | Judge Zagel |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Clearwire Corporation ("Clearwire"), by its attorneys Ice Miller LLP,
herby submits its reply memorandum in support of its motion to dismiss.

## I. INTRODUCTION

Plaintiff filed a complaint on April 16, 2010 asserting a federal claim, namely that
Clearwire violated the Telephone Consumer Protection Act ("TCPA")[1] by allegedly
sending Plaintiff a single unsolicited text message without his permission.  Clearwire
moved to dismiss the complaint.  Plaintiff disingenuously asserts in his response that
Clearwire does not dispute that it "made calls[2], that such calls violate the TCPA, or that it
lacked consent from Damasco [Plaintiff] and the purported class."  (Pltf's. Resp. at 1).
Plaintiff's counsel has apparently forgotten what stage of the proceedings we are at.  It is
axiomatic that for purposes of a motion to dismiss the well pled allegations of the
complaint are accepted as true and that at this stage Clearwire cannot dispute their truth.

Plaintiff seeks to recover the statutory damages allowed under the TCPA of a
minimum of $500 and up to $1,500 for each text message he received, regardless of
whether he suffered any actual injury (no actual injury is alleged).  While the potential

---

[1]      47 U.S.C. §227

recovery for Plaintiff himself is small, by assuming that Clearwire sent hundreds or thousands of text messages to others and bringing this case as a class action, Plaintiff's counsel hope to amass a large common fund from which they may claim a significant award of attorney's fees and costs. This case is one of hundreds of TCPA cases filed in this Court alleging violations of the TCPA for sending unsolicited fax ads, making pre-recorded calls to cell phones and sending text message to cell phones.[3]   These cases attract the attention of the plaintiff class action bar due to the fact that the TCPA allows for recovery of statutory damages without proof of any actual injury.

It is clearly established in the Seventh Circuit that TCPA claims filed in state court are removeable to federal court under federal question jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).   Thus Clearwire appropriately exercised its right to have a federal claim adjudicated in a federal court and on May 18, 2010 it removed this case to this Court.

Prior to removing this case, Clearwire extended a settlement offer (the "Settlement Offer") to Plaintiff on May 14, 2010 in the hope of resolving this case.  The Settlement Offer provided Plaintiff with all the relief he could potentially recover were he to prevail in this action.  The letter conveying the Settlement Offer also pointed out to Plaintiff's counsel that controlling Seventh Circuit authority establishes that a complete settlement offer made prior to the filing of a motion for class certification moots the claim of the named plaintiff and requires dismissal of the action. (*See* Ex. 1 to Clearwire's

---

[2]      Plaintiff refers to the alleged text messages as calls.

[3]      Plaintiff's counsel has filed numerous similar TCPA text messaging class action cases in this Court and other jurisdictions including: *McNaughton v. DMA Financial Corp*., No. 09 CV 2375 (N.D. Ill. – voluntarily dismissed 12/2/09);  *Smith v. Mike Anderson Chevrolet*, et al., No. 10 CH 07098 (Cook County, IL); Weinstein v. AirIt2Me, GSI Commerce and The Timberland Co., No. 06 C 0484 (N.D. Ill.); *Shen v. Distributive Networks*, No. 06 CV 4403 (N.D. Ill.); and *Satterfield v. Simon & Schuster*, No. 06 C 2893 (N.D. Ca.).

Memo, Dkt #11-1).  On May 18, 2010, Clearwire exercised its right to remove this action to federal court.  Plaintiff failed to accept the Settlement Offer and instead responded on May 18, 2010 by immediately filing a motion for class certification in this Court after the case was removed.  Clearwire then filed the instant motion to dismiss on May 19, 2010.

Plaintiff accuses Clearwire of engaging in "gamesmanship" as a result of its exercise of its removal rights.  This accusation is premised on the faulty assumption by Plaintiff that had the case not been removed to federal court, the Settlement Offer would not render his claim moot and require the dismissal of this case.  Plaintiff ignores the fact that he has asserted a *federal claim* and that a state court is required to apply federal law in adjudicating a federal claim.  *Weiss v. The Village of Downers Grove, et al.,* 225 Ill. App.3d 466, 469, 588 N.E.2d 435, 436 (2nd Dist. 1992).  Controlling Seventh Circuit authority establishes that a complete settlement offer made prior to the filing of a motion for class certification moots the putative named plaintiff's claim and mandates the dismissal of the action.  *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *Greisz v. Household Bank, N.A.,* 176 F.3d 1012 (7th Cir. 1999).

In an effort to avoid the dismissal of his complaint, Plaintiff has raised straw man arguments and engaged in circular reasoning in advocating four propositions.  First, Plaintiff erroneously asserts Clearwire should be estopped from asserting that Plaintiff's claims are moot.  Second, Plaintiff contends that the Settlement Offer does not provide him with all the relief he could potentially obtain.  Third, contrary to controlling Seventh Circuit authority, Plaintiff contends that a complete settlement offer made prior to the filing of a motion for class certification does not moot the Plaintiff's claims and require the dismissal of the case and alternatively that his claim falls under an exception to the

mootness doctrine.   And fourth, Plaintiff apparently asserts the doctrine of federal question jurisdiction should be abrogated and this case should be remanded to state court. As shall be discussed below, each of the propositions is without merit.

## II. ARGUMENT

1.    **THERE IS NO BASIS FOR ESTOPPING CLEARWIRE FROM ASSERTING PLAINTIFF'S CLAIMS WERE MOOTED**

Plaintiff attempts to create a straw man argument that Clearwire should be estopped from asserting the Settlement Offer rendered Plaintiff's claim moot.  Plaintiff erroneously asserts that by removing the case to federal court based on federal question jurisdiction, Clearwire either concedes that the Settlement Offer did not moot Plaintiff's claims or it was revoked.  This argument is premised on the unsupported assumption that by exercising its right to remove the case under federal question jurisdiction, Clearwire was admitting that there was a justiciable claim - that Plaintiff's claim was not moot. Plaintiff fails to cite any authority for this proposition.  This Court clearly has original jurisdiction to hear claims brought under federal statutes such as the TCPA.  28 U.S.C. §1331; *Brill* 427 F.3d at 446.  Further pursuant to the federal removal statute, Clearwire has the right to remove a case which asserts a claim under a federal statute to this Court. 28 U.S.C. §1441(a).

Section 1441(a) does not require the party removing the case to federal court to plead or admit that the plaintiff has standing to bring the federal claim asserted.  As noted Plaintiff has failed to cite any authority for the proposition that justiciability is prerequisite for assertion of threshold federal question jurisdiction.  A defendant facing a federal claim filed in state court, which the plaintiff does not have standing to assert, is free to have either the state court decide the issue of justiciability or to remove the case to

federal court and have the federal court decide the issue.  A federal court has threshold

federal question subject matter jurisdiction as long as the claim arises under the laws or

Constitution of the United States.  Thus by virtue of the fact that Plaintiff's claim is based

on a federal statute, this Court acquires threshold subject matter jurisdiction or the ability

to determine whether Plaintiff has standing to assert his federal claim.  (s*ee, e.g. Maher v*

*FDIC*, 441 F.3d 522 (7th Cir. 2006) (Court held that while plaintiffs properly invoked

federal question jurisdiction over an ERISA claim against the FDIC, the claim was moot

because there was no possible relief which the Court could order the FDIC to pay).

Plaintiff's claim that judicial estoppel should be applied to prohibit Clearwire

from asserting Plaintiff's claim is moot is baseless.  The judicial estoppel doctrine applies

only where:

> A party assumes a certain position in a legal proceeding,
> and succeeds in maintaining that position, he may not
> thereafter, simply because his interests have changed,
> assume a contrary position, especially if it be to the
> prejudice of a the party who has acquiesced in the position
> formerly taken by him.

*New Hampshire v. Maine*, 532 U.S. 742, 742-43 (2001).  Clearwire's position has not

changed.  Its position is and always was that the Settlement Offer rendered Plaintiff's

claims moot and mandates the dismissal of this action.  Judicial estoppel does not apply.

**2.     THE SETTLEMENT OFFER WAS A COMPLETE AND VALID OFFER**

Plaintiff erroneously asserts that the Settlement Offer was not a valid offer or

alternatively that it was revoked.  Neither argument is valid.

**a.     The Settlement Offer is Sufficiently Definite**

Plaintiff first asserts that the Settlement Offer is not valid as it is not sufficiently

definite and certain as the offer was not for a definite sum and it is unclear as to who is

making the offer.  (Pltf's Resp. at 3).  Contrary to Plaintiff's assertions, the Settlement Offer is sufficiently definite to be enforceable.  It provided that Clearwire would pay Plaintiff the sum of $1,500 (the maximum statutory damages available under the TCPA) for each text message that Plaintiff received which was sent by or on behalf of Clearwire or any of its affiliated entities or subsidiaries.  Plaintiff's complaint fails to specify the number of text messages he allegedly received from Clearwire.  (*See* Pltf's Complt. at ¶¶12-15).  Therefore to ensure the Settlement Offer provided Plaintiff with all the relief to which he could possibly obtain were he to prevail in this case, the Settlement Offer provided Clearwire would pay Plaintiff $1,500 for each of the texts he received.

"A contract is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principles of equity, to ascertain what the parties have agreed to do." *Academy Chicago Publishers v. Cheever*, 144 Ill. 2d 24, 578 N.E.2d 981, 983 (1991) *quoting Morey v. Hoffman*, 12 Ill. 2d 125, 145 N.E.2d 644, 647-48 (1957).  A contract is enforceable even though some terms may be missing or left to be agreed upon by the parties. *Academy Chicago Publishers*, 144 Ill. 2d at 30.  Here there is nothing indefinite about the terms of the Settlement Offer and who is making it.  It enables the Court to ascertain what Clearwire has agreed to do and therefore it is sufficiently definite to be enforceable.

Recently Judge Bucklo rejected the identical argument made by a plaintiff in an analogous case and held that the settlement offer[4] extended, which was analogous to the Settlement Offer in this case, was sufficiently definite and concrete. *See Martin v. PPP,*

---

[4]    The offer extended in the *Martin* case was also drafted by Clearwire's counsel in this case who represented the party in *Martin* making the offer.

*Inc., et al.,* No. 10 CV 140, 2010 U.S. Dist. LEXIS 63192 at *21-23 n.4 (N.D. Ill., June 25, 2010) (*See* Exhibit 1 attached).

Plaintiff's assertion that the Settlement Offer does not provide him with the ability to accept the offer and create an enforceable agreement is nonsensical. (Pltf's Resp. at 3). The Settlement Offer clearly provides Plaintiff with the ability to accept it and receive $1,500 for each text message he received from Clearwire, his taxable costs and the injunctive relief requested. Further the Settlement Offer contains a "catch-all" provision under which Clearwire agrees to provide Plaintiff with: "any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims in the Lawsuit . . ." (*See* Ex. 1 to Clearwire's Memo, Dkt # 11-1 at p.2). The aforementioned "catch-all provision" is identical to the catch-all provision in the offer in the *Martin* case. In rejecting the plaintiff's argument in *Martin* that the settlement offer was indefinite, Judge Bucklo commented:

> Here, somewhat paradoxically, Fidelity's [the Defendant's] blanket agreement to provide any additional necessary relief makes the offer at once more vague and more definite. On one hand, the catchall provision does not specify what particular relief, if any, might be added to the offer; on the other hand, it is precisely by virtue of its open-ended character that the catchall provision ensures that Fidelity's offer will indeed provide Martin [the Plaintiff] with complete relief. In this context, the offer's indefiniteness does not render it invalid.

*Martin.,* No. 10 CV 140, 2010 U.S. Dist. LEXIS 63192 at *22-23 (N.D. Ill., June 25, 2010) (*See* Ex. 1). The Settlement Offer is definite and enforceable.

Plaintiff also complains that Clearwire extended the Settlement Offer to "any other person or entity represented by [Plaintiff's counsel]" who meet the same criteria as alleged by Plaintiff. (*See* Clearwire's Memo, Ex. 1 at 2). First, the extension of the offer

to others does not impact the offer to Plaintiff in any way.  The Settlement Offer was not contingent on the additional offers, nor does it change any terms in the offer to Plaintiff. In short, the extension of the offer to others does not make the offer to Plaintiff less clear or definite and therefore this argument is irrelevant.

> **b.      The *Request* for a Release Is Not a Condition Precedent and Does Not Render the Settlement Offer Indefinite**

Contrary to Plaintiff's assertion, the *request* that Plaintiff execute a release in connection with the Settlement Offer does not render the offer indefinite.  The request for a release is not a mandatory term and the Settlement Offer is enforceable without the requested release.

> **c.      The Settlement Offer Was Not Revoked**

Plaintiff's assertion that the Settlement Offer was "effectively  revoked" before Plaintiff could act upon it is absurd.  (*See* Pltf's. Resp. at 5).  As discussed above, Clearwire's removal of this case based upon federal question jurisdiction did not revoke the Settlement Offer and Plaintiff fails to cite any relevant authority in support of his assertion.

**3.      PLAINTIFF FAILS TO DISTINGUISH THE CONTROLLING SEVENTH CIRCUIT DECISIONS HOLDING THE SETTLEMENT OFFER MOOTED HIS CLAIM**

> **a.      The Seventh Circuit and Courts in this District Have Continually Recognized That a Complete Settlement Offer Made Prior to the Filing of a Motion for Class Certification Moots Plaintiff's Claim And Requires That the Case Be Dismissed.**

Plaintiff fails to distinguish the Seventh Circuit's controlling decisions, including *Griesz* and *Holstein,* which establish that a complete settlement offer made to the named plaintiff prior to the filing of a motion for class certification renders the putative named

plaintiff's claim moot and requires that the case be dismissed. *Greisz,* 176 F.3d at 1012; *Holstein*, 29 F.3d at 1147.   "[O]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12 (b)(1), because he has no remaining stake. *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991).   Plaintiff's assertion that a motion for class certification made after a complete settlement offer was made to the Plaintiff relates back to the date of filing of the original complaint is simply wrong and flies in the face of the decisions of the Seventh Circuit including *Greisz* and *Holstein*, as well as the decisions of Judges Grady and Bucklo in *Baker* and *Martin.*

Plaintiff's reliance on the Seventh Circuit's decision in *Wrightsell* and the cases cited with approval therein is misplaced. *Wrightsell v. Cook County, Illinois,* 599 F.3d 781 (7th Cir. 2010).   In *Wrightshell*, the court dismissed the plaintiff's appeal because he had accepted a Rule 68 Offer of Judgment. *Id.*   In dicta, the court noted that there are some exceptions to the rule that a complete settlement offer or Rule 68 offer moots the plaintiff's claims; however, none of those exceptions apply to the present case.   The capable of repetition but evading review exception is discussed below.   The other cases cited by Plaintiff are likewise inapposite and further unlike *Greisz* and *Holstein,* they are not controlling.

> **b.      Plaintiff's Assertion That a Complete Offer of Relief Will Only Moot His Claim if it is Made Under Rule 68 is Simply Wrong**

Plaintiff erroneously asserts that a complete settlement offer will only moot his claims if it were made in the form of a Rule 68 offer of judgment. (Pltf's. Resp. at 10). Such an argument is without support.   The Seventh Circuit's decision in *Holstein,* which did not involve a Rule 68 offer, clearly demonstrates this argument is baseless. *Holstein,*

29 F.3d at 1147.   As Judge Bucklo noted in disposing of this identical argument in *Martin*: "It is true that neither *Holstein* nor any other Seventh Circuit case, addresses the *Rule 68* issue.   Nevertheless, dicta in the Seventh Circuit's cases strongly support the conclusion that a suit may be mooted by an offer of complete relief, irrespective of Rule 68." *Martin,* 2010 U.S. Dist. LEXIS 63192 at *8. (See Ex. 1).  Judge Grady also reached the same conclusion in *Baker v. N.P.F. Liquors, Inc.,* No. 08 C 3494, slip op. (N.D. Ill. Dec. 30, 2008) (See Ex. 2 to Clearwire's Memo, Dkt. # 11-2).

> **c.    Contrary to Plaintiff's Assertion, Federal Law Does Not Recognize Under This Factual Setting a "Relation Back Doctrine" Allowing a Motion for Class Certification to Relate Back to the Filing of the Original Complaint and Illinois Law Is Inapplicable**

Plaintiff asserts at page eight of his response that: "Both federal and Illinois law contemplate the relation back of a class certification motion to the filing of the original complaint."  This assertion is inaccurate at best.  No such doctrine exists under federal law, where as here a complete settlement offer was made to the plaintiff *prior* to the time a motion for class certification was filed[5].   The Seventh Circuit's decisions in *Griesz* and *Holstein*, as well as the decisions of Judges Grady and Bucklo in *Baker* and *Martin*, make this clear. *Greisz,* 176 F.3d at 1012; *Holstein*, 29 F.3d at 1147;  *Baker,* No. 08 C 3494, slip op. (N.D. Ill. Dec. 30, 2008); *Martin,* 2010 U.S. Dist. LEXIS at 63192.

Plaintiff's reliance on *Sosna v. Iowa* is misplaced.  (See Pltf's. Resp at p. 8).  The case is distinguishable because a class was already certified at the time events occurred which mooted the named plaintiff's claims.   In *Sosna* the parties stipulated to the certification of a class and a class had been certified prior to the time the three judge

---

[5]    Plaintiff's argument regarding the "capable of repetition but evading review" exception to the mootness doctrine is discussed below and is not properly characterized as a "relation back" doctrine.  It is an exception to the mootness doctrine.

panel ruled against plaintiff at the trial court level and held that Iowa's divorce residency requirement was constitutional. *Sosna v. Iowa,* 419 U,S. 393, 397-8, 95 S.Ct. 553, 556 (1975). By the time the case reached the Supreme Court, Sosna had already long since satisfied the Iowa durational residency requirement and Iowa apparently asserted Sosna's claim was moot. *Id.* The State of Iowa apparently raised mootness as a basis for rejecting the appeal and the Supreme Court held that under the factual situation where a class had been certified at the time of the trial court's decision upholding the statute, the case was not rendered moot for purposes of appellate review. The Supreme Court specifically noted: "When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by the appellant. We are of the view that this factor significantly affects the mootness determination." *Id.* at 399, 557.

The Seventh Circuit recognized this distinction in its recent decision in *Weismueller.* There the court held that if the class is certified before the named plaintiff's claim becomes moot, the mooting of his claim does not require the dismissal of the case. *Weismueller*, 513 F.3d at 786. The *Weismueller* Court also specifically stated: "**If, on the other hand, the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation.**" *Id.* (emphasis added) <u>*citing*</u> *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S. Ct. 848, (1975) (per curiam); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007).

As to Plaintiff's reliance on Illinois law, Plaintiff ignores the fact that he has brought a federal claim and federal and not state law controls. Even if Clearwire had not

removed this case to federal court, the state court would have been required to apply federal law in adjudicating the case.  In adjudicating a claim based on federal law, a state court must apply federal substantive law, including any federal common law the federal courts may have developed.  *U.S. Const., Art. VI cl.2* (state courts bound by federal Constitution and laws); *see Dice v. Akron, Canton & Youngstown R. Co.*, 342 U.S. 359, 361-62 (1969).

### d.    The Exception to the Mootness Doctrine for Cases Capable of Repetition Yet Evading Review is Inapplicable to This Case

Plaintiff attempts to argue that dismissal is unwarranted in this case because he falls into a limited exception to the mootness doctrine, namely that while his claims are no longer "live," they are "capable of repetition, yet evading review."  In order to rely upon this exception Plaintiff has the burden of establishing two propositions:

> 1) his claim is so inherently transitory that the trial court did not have enough time to rule on a motion for class certification before the proposed representative's individual interest expired; and 2) he will again be subject to the alleged illegality.

*Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (holding that the named plaintiff failed to satisfy either prong and that his claim was moot) (internal quotations and citations omitted).  Plaintiff fails to establish either proposition.

First, Plaintiff's claims are not transitory in nature.  As in *Holstein* the claim here (that Clearwire sent text messages in violation of the TCPA) is not so "inherently transitory" that Plaintiff can evade the mootness doctrine. *Id.*  A settlement offer that gives Plaintiff all the relief he is entitled to had he won his case does not make his claims "transitory."  It simply means he won without having to try the case.  Likewise, Clearwire does not have "complete control" over the timing of the claims such that "all cases will

perpetually escape review," as in the *Kazarof* case relied upon by Plaintiff.  *See Kazarof v. Achim et al.*, No. 02 C 2003, 2003 WL 22956006 at *3 (N.D. 2003) (Zagel, J.).

Second, Plaintiff is not likely to "again be subjected to the alleged illegality." Plaintiff has done nothing to show, as is his burden, that there is a "reasonable expectation" or a "demonstrable probability" that the same controversy will recur involving the same parties.  *See, e.g., Holstein*, 29 F.3d at 1147.  Mere "physical or theoretical possibility" that the conduct resulting in the claims will be repeated is insufficient.  "Instead, there must have a 'reasonable expectation' or a 'demonstrable probability' that the same controversy will recur involving the same parties."  *Id*. at 1148 (citing Jones v. Sullivan, 938 F.2d 801, 806 (7th Cir. 1991) and quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

Moreover, as part of the Settlement Offer, Clearwire has agreed to the injunctive relief Plaintiff requested in his Complaint.  If Clearwire violated its settlement agreement, Plaintiff has recourse to seek its enforcement.   Plaintiff cites *Friends of the Earth*, arguing that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."  (*See* Resp. at 13 (citing *Friends of the Earth, Inc. v. Laidlaw Env. Serv., Inc.,* 528 U.S. 167, 189 (2000)). In that case, however, the Supreme Court was not dealing with a settlement offer made prior to class certification, as is the case here.  Also, the Court in that case clearly stated that "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur."  *Friends of the Earth*, 528 U.S. at 189.  Indeed, in *Friends*, the court stated the defendant's voluntary conduct in that case could have mooted the claims, but disputed factual issues existed

precluding it from making a final determination.  In this case, there is no lack of clarity.

First, Plaintiff failed to meet his burden of demonstrating the exception may apply to him.

Even assuming *arguendo* that he had not failed to do so, Clearwire's offer to provide

injunctive relief as requested by Plaintiff moots the claims.

**4.       THERE IS NO BASIS TO REMAND THE CASE – IF IT IS MOOT THE CASE SHOULD BE DISMISSED**

If accepted, Plaintiff's final argument would effectively eliminate removal

jurisdiction.  Plaintiff argues without any authority that if the Court determines that the

Settlement Offer did moot Plaintiff's claims, then "the proper action is to disclaim

jurisdiction and remand, not to grant a Motion to Dismiss."  (Resp. at 13-14).  If Plaintiff

truly believes the case was improperly removed, he has a remedy in the form of a motion

for remand.  As discussed above, since Plaintiff's claim asserts a violation of a federal

statute, Clearwire has the right to remove the case to federal court and to have a federal

judge decide whether Plaintiff's claim is moot.  The Court acquires threshold subject

matter jurisdiction by virtue of the assertion of a federal claim which empowers the Court

to make further justiciability decisions, such as whether the claim is moot.

Plaintiffs fails to cite any authority for the proposition that a state court case

asserting a federal claim which is removed to federal court where a determination is made

by the federal court judge that the claim is moot, is to be moot must be remanded rather

than dismissed.

<u>CONCLUSION</u>

The Settlement Offer, which was made prior to the time a motion for class

certification was even filed, and which provides Plaintiff with all the relief he could he

would be entitled to receive were he to prevail in this action, renders Plaintiff's claim

moot and requires that this case be dismissed.

                                     Respectfully submitted,

                                     **CLEARWIRE CORPORATION**

                                      s/Bart T. Murphy_____
                                     By one of its attorneys

Bart T. Murphy (ARDC # 6181178)
Thomas J. Hayes
Ice Miller LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
(630) 955-6392
Email: *bart.murphy@icemiller.com*

Joan G. Ritchey (ARDC #06275776)
ICE MILLER LLP
200 West Madison, Suite 3500
Chicago, Illinois 60606
Tel:  (312) 726-1567
Fax:  (312) 726-6254
Email:  *joan.ritchey@icemiller.com*

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on July 22, 2010, he caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the Clerk's ECF/CM system which electronically served a copy of the foregoing on the following counsel for Plaintiff:

Michael J. McMorrow          mjmcmorrow@edelson.com
Ryan D. Andrews              randrews@edelson.com


s/Bart T. Murphy

Bart T. Murphy
Ice Miller LLP
2300 Cabot Dr., Ste,. 455
Lisle, IL 60532
(630) 955-6392