**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEROME DAMASCO, | |
| Plaintiff, | No. 10 CV 3063 |
| v. | Judge James B. Zagel |
| CLEARWIRE CORPORATION, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

On April 16, 2010, Plaintiff Jerome Damasco ("Damasco" or "Plaintiff") filed in the Circuit Court of Cook County a class action complaint in which he alleges that Defendant Clearwire Corporation ("Clearwire" or "Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeks actual and statutory damages, attorneys' fees and costs, and injunctive relief.[1] Damasco complains that Clearwire transmitted "wireless spam" in the form of SMS messages to cell phones. Damasco specifically mentions one unsolicited text received on or about September 15, 2009, but he alleges that he received additional messages from "Defendant and/or its agents" in the weeks that followed. Pursuant to section 227(b)(3) of the TCPA, a person may bring an action to enjoin the defendant from committing violations as well as to recover $500 for each violation. If the court finds that the defendant committed wilful or knowing violations, treble damages may be awarded. *Id.*

---

[1] In the complaint, Plaintiff also seeks "[a]n order certifying the Class" as defined in the complaint, however, this is not a formal motion for class certification. It is undisputed that Plaintiff's formal motion for class certification was filed on May 18, 2010.

On My 14, 2010, Defendant served Plaintiff with a letter, the nature of which is in dispute ("May 14 Letter" or "Settlement Offer"). Defendant characterizes the letter as a settlement offer, but Plaintiff contends it is not an "offer" under Illinois law. In the letter, Defendant offers to resolve all of Plaintiff's claims against Defendant, its subsidiaries and affiliated entities arising from text messages sent during the period April 16, 2006 to the time the letter was served. Defendant offered to pay Plaintiff $1,500 for each text received by Plaintiff as well as fees and costs, and also agreed to the injunctive relief sought by Plaintiff. Defendant extended the same offer (excluding costs) to any other person represented by Plaintiff's counsel as of the date of the offer who had also received unsolicited text messages from Clearwire.

On May 18, 2010, Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a), on the ground that this court has original federal question subject matter jurisdiction over TCPA claims. That same day, Plaintiff filed a motion in this Court to certify a class in this case. On May 19, 2010, Defendant filed a motion to dismiss Plaintiff's complaint for lack of standing, arguing that the May 14th settlement offer moots Plaintiff's claim.

## II. STANDARD OF REVIEW

Article III of the United States Constitution grants to federal courts "judicial power" over "cases" and "controversies." U.S. Const. Art. III § 2. "Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety." *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994) (citation omitted). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Id.* "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who

2

refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted). "You cannot persist in suing after you've won." *Greisz v. Household Bank (Illinois)*, 176 F.3d 1012, 1015 (7th Cir.1999).

In the context of a class action, where a plaintiff seeks to represent a class of individuals with similar claims, the application of this doctrine is more complicated. *Holstein*, 29 F.3d at 1147. "If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided." *Id.*

### III. DISCUSSION

Defendant moves to dismiss the action on the ground that Defendant's settlement offer moots Plaintiff's claim. Plaintiff first argues that Defendant's offer was not a proper offer and therefore cannot moot Plaintiff's claim. In the alternative, Plaintiff contends that even if the offer is a complete offer for relief, Defendant revoked the offer by removing this action. Finally, Plaintiff maintains that notwithstanding a valid, pending settlement offer for full relief, his claim is not moot where he filed his motion for class certification the four days after the settlement offer was made. For the following reasons, Defendant's motion is granted.

### A. The Settlement Offer Was Valid And Not Revoked

In response to Defendant's motion to dismiss, Plaintiff first contends that Defendant's May 14 Letter was not an "offer" under Illinois contract law.[2] Under Illinois law, a "settlement agreement is in the nature of a contract and is governed by principles of contract law." *K4*

---

[2] Plaintiff maintains that because the May 14 Letter was tendered prior to removal, Illinois law should apply when determining the validity of the Letter as an offer. Defendant does not dispute this point.

3

*Enterprises, Inc. v. Grater, Inc.,* 914 N.E.2d 617, 624 (Ill. App. Ct. 2009) *appeal denied,* 234 Ill. 2d 523 (2009). "For a contract to be enforceable, the material terms of the contract must be definite and certain." *Id.* (citation omitted). "[A] contract 'is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principles of equity, to ascertain what the parties have agreed to do.'" *Id.* (quoting *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 515 N.E.2d 61, 65 (Ill. 1987) (citation omitted)). "[A] mere 'manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent.'" *Cobb-Alvarez v. Union Pacific Corp.*, 962 F. Supp. 1049, 1054 (N.D. Ill. 1997) (quoting Restatement (Second) of Contracts § 26 (1981)).

      Plaintiff maintains that May 14 Letter is not a valid offer because several of its terms are not sufficiently definite or certain. The letter provides that "Clearwire Corporation on behalf of itself and its subsidiaries and affiliated entities, including but not limited to Clearwire Legacy LLC" offers "to pay Plaintiff the sum of $1,500 for each and every text message which Plaintiff received, which was sent by or on behalf of [Clearwire and its subsidiaries and affiliated entities] during the Claim Period." According to Plaintiff, this provision specifies neither the identity of the subsidiaries and affiliates nor the number of messages sent. In the letter, Defendant extends the offer "to any other person or entity represented by Edelson McGuire, LLC, as of the date of this offer who also received a text message sent by or on behalf of Defendants during the Claim

4

Period"[3] and who did not consent to or authorize the receipt of the message. Plaintiff argues that this language is also vague in that it fails to identify the parties who sent the messages, the parties who received the messages, and the nature of the messages themselves.

Under Illinois law, a contract is enforceable if it is ascertainable from the terms of the contract what each party has agreed to do. *Academy Chicago Publishers v. Cheever*, 578 N.E.2d 981, 983 (Ill. 1991). "A contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Id.* at 984. In this case, the Letter makes clear that Clearwire would pay Plaintiff $1,500 for each text message sent to Plaintiff by or on behalf of Clearwire or any of its subsidiaries or affiliates, in addition to taxable costs and the requested injunctive relief. Though no particular number of messages is listed, the Letter states that Clearwire would pay for "each and every message" - meaning all messages received by Plaintiff. This is not an indefinite term. Although the Letter does not identify by name the other potential plaintiffs to whom the offer was extended, they are identified with sufficient clarity. It is also difficult to see why Clearwire's failure to "identify" the text messages invalidates the offer, where Clearwire has agreed to compensate Plaintiff for each and every unauthorized message from Defendant, regardless of its subject.

Also problematic, argues Plaintiff, are the following requests contained in the May 14 Letter: (1) that Plaintiff advise Defendant's counsel "in writing as to the number of text messages which Plaintiff received during the Claim Period which were sent to him by or on behalf of

---

[3] In the May 14 Letter, Defendant refers to itself and its subsidiaries and affiliated entities collectively as "Defendants."

5

Defendants" so that Defendant's counsel may arrange for payment; and (2) that Plaintiff and any other person eligible for settlement "execute a release, releasing Defendants and others from liability for any and all claims arising from or related to Plaintiff's claims[.]" These requests require that Plaintiff "take steps" before the offer can take effect, and Plaintiff argues that this invalidates the offer. Additionally, Plaintiff contends, the release of "Defendants and others" is too vague.

Plaintiff's argument that the offer is invalidated by requiring the offeree to take an additional step misapplies applicable rule. In *Cobb-Alvarez*, 962 F. Supp. at 1054, and section 26 of the Restatement (Second) of Contracts, both relied upon by Plaintiff, it is clear that a manifestation of willingness to enter into a bargain is not an offer if the bargain cannot be concluded unless the *offeror* makes a further manifestation of assent or takes some further step. In this case, no such action is required by the offeror. The letter says nothing about any additional step that Clearwire might need to take to conclude the offer, such as getting final approval from headquarters.

Plaintiff's argument that the language of the release request is too vague is equally unavailing. It is clear from the language of the letter that "others" would be construed to be Clearwire's subsidiaries and affiliated entities. Though this language does not identify by name each of the Clearwire's affiliates and subsidiaries, this is not an indefinite term. For these reasons, I find that Clearwire's May 14 Letter is a settlement offer.

Plaintiff argues in the alternative that even if the Letter is an offer, "it was effectively revoked before Damasco could act upon it." This revocation took place when Clearwire

removed the action from state court and asserted the jurisdiction of this court. According to Plaintiff, Defendant conceded that the claim is not moot by removing the case to this Court.

Plaintiff cites no support for this argument, nor could it. Defendant removed this action to this Court pursuant to 28 U.S.C. §1441, which states that a defendant may remove "[a]ny civil action of which the district courts have original jurisdiction[.]" Section 1331 of Title 28 of the United States Code makes clear that district courts have original jurisdiction of civil actions arising under the law of the United States. The TCPA is such a law, and Plaintiff has at no point objected to removal.

Defendant's invocation of this Court's jurisdiction in no way suggests that Defendant has effectively revoked its offer. Defendant has removed the action to this Court, and this Court may exercise its jurisdiction to determine whether the case is moot. After an action is removed, the district court acquires full jurisdiction over the matter. 7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3738 (4th ed. 2010). The governing principle is that

> defendants do not waive any defense by removing a case to federal court and may move to dismiss—for lack of personal jurisdiction, for example—or assert the defense of lack of personal jurisdiction in an answer filed before or after removal. It is well-settled that removal of a case does not act as a general consent to jurisdiction, defeating the motion or defense.

*Id.* Plaintiff provides no basis for the determination that by removing this action, Defendant revoked its offer of settlement.[4]

---

[4] In a related argument, Plaintiff contends that Clearwire should be estopped from arguing mootness since it has itself invoked the jurisdiction of this Court. According to Plaintiff Clearwire "cannot invoke this Court's jurisdiction for the sole purpose of arguing that such jurisdiction is lacking." However, as discussed *supra*, removal does not result in waiver of any defense, including a jurisdictional one. Clearwire is not pursuing incompatible theories or arguing inconsistent facts, and Plaintiff's argument is unavailing.

For the foregoing reasons, I find that Defendant's settlement offer was valid and was in no way revoked.

**B. The Settlement Offer Moots Plaintiff's Claim**

In moving to dismiss, Defendant argues that a settlement offer for full relief made prior to a motion for class certification moots the Plaintiff's claim and requires that the case be dismissed. Defendant relies on cases from the Seventh Circuit and Northern District of Illinois in which courts have held or commented that a complete offer settlement made prior to the filing of a motion for class certification moots the plaintiff's claim. Plaintiff counters, pointing to cases in which courts have held that by filing a motion for class certification within the ten-day period following a Rule 68 offer of judgment,[5] a named plaintiff can avoid mootness and move forward with the action.

The rule in the Seventh Circuit is clear - a complete offer of settlement made prior to the filing for class certification moots the plaintiff's claim. In *Holstein*, 29 F.3d at 1146, the two named plaintiffs filed suit against the City of Chicago, alleging on behalf of themselves and a class, the unconstitutionality of two provisions of the City's Municipal Code. The plaintiffs specifically challenged the towing of their vehicles and post-tow hearings. *Id.* The City subsequently offered to refund one named plaintiff's towing and storage fees, but the plaintiff refused the offer. *Id.* at 1147. At the time the offer was made, the plaintiff had not sought class

---

[5] Federal Rule of Civil Procedure 68 states that a defendant may, at any time more than ten days before trial, make an offer of judgment to the plaintiff on specified terms. The plaintiff has ten days to accept the offer. An unaccepted offer is considered withdrawn.

certification.[6]  *Id.*  The Seventh Circuit affirmed the district court's dismissal of the plaintiff's claim as moot, explaining that where the plaintiff has been offered all the damages owed to him, he has no remaining stake in the litigation. *Id.*  Distinguishing mootness requirements in the class context, the Court commented:

> If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. Here, Grove cannot claim the benefit of this exception to the mootness doctrine because the district court did not certify the class; indeed, Grove did not even move for class certification prior to the evaporation of his personal stake. Grove, then, cannot avail himself of the class action exception to the mootness doctrine.

*Id.* (citation omitted).  Because the plaintiff's claim was not sufficiently transitory, nor was it "capable of repetition, yet evading review[,]" he could not avoid dismissal based on mootness.  *Id.* at 1148.

In *Greisz v. Household Bank (Illinois)*, 176 F.3d 1012 (7th Cir. 1999), the Seventh Circuit reiterated in dicta the principle articulated in *Holstein*.  *In Greisz*, the plaintiff sued on behalf of herself and others similarly situated, alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*.  *Greisz*, 176 F.3d at 1013.  The defendant made a Rule 68 offer of judgment for more than the individual plaintiff's claim was worth, but the plaintiff refused the offer.  The offer came after the trial court denied the motion for class certification.  *Id.* at 1015.  In its ruling affirming the district court's denial of class certification and grant of summary judgment in favor

---

[6] The district court decision in this case, *Holstein v. City of Chicago*, 803 F. Supp. 205, 209 (N.D. Ill. 1992), explains that the plaintiff filed a motion for class certification two weeks after the defendant's offer of restitution.  It appears from an examination of the docket from that case that the motion for class certification was actually made nearly thirty days after the defendant's offer.  In its opinion, the Seventh Circuit makes no mention of the time elapsed between the defendant's offer and the plaintiff's motion.  In any event, it is clear that the plaintiff did, indeed, file a motion for class certification subsequent to the defendant's offer.

9

of the defendants, the Court found that there was no legal dispute as to the plaintiff's claim, and drew a distinction between settlement offers that come before a decision on class certification from those that come after. *Id.* Had the defendant tried to "buy off" the named plaintiff while the motion for class certification was pending, the offer to the named plaintiff would not have been "an offer of the entire relief sought by the suit, unless the offer comes before class certification is sought, and so before the existence of other potential plaintiffs has been announced." *Id.* (citations omitted). But where class certification is refused the Plaintiff is the sole party and an offer for the maximum worth of her claim is an offer of complete relief.[7]

In *Greisz,* the Seventh Circuit made clear that a Rule 68 offer of judgment of complete relief to the plaintiff made while a motion for class certification is pending does not moot the plaintiff's claim. Dicta in *Greisz* however suggests that such an offer made before class certification is sought does moot the plaintiff's claim since, at that point, the named plaintiff is the sole plaintiff. The Court once again referred to this principle in *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003), explaining that "the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as . . . a motion for class certification has been made and not ruled on, unless . . . the movant has been dilatory." (citations omitted).

Since *Greisz* and *Primax*, there have been indications from the Seventh Circuit that a Rule 68 offer of complete relief to the plaintiff made prior to a motion for class certification may not moot the plaintiff's claim. Specifically, in *Wrightsell v. Cook County*, 599 F.3d 781, 782 (7th Cir. 2010), the Seventh Circuit noted its concern that "defendants might delay the grant of relief

---

[7] Notwithstanding such an offer, the plaintiff may still appeal the denial of class certification. *Greisz*, 176 F.3d at 1015.

in class actions indefinitely by buying off the class representatives in succession." (Quoting *Kifer v. Ellsworth*, 346 F.3d 1155, 1156 (7th Cir.2003)). There, the issue was whether a plaintiff could appeal the district court's denial of class certification after accepting a post-denial Rule 68 offer of judgment which included a waiver of appeal. *Id.*

In *Wrightsell*, the Court noted that there are some instances in which a person may continue to litigate a class action after his personal claim becomes moot, including instances where the claim involved is "inherently transitory," "capable of repetition by the person advancing it but evading review," and other instances "including involuntary-settlement cases [ ] which permit a class representative who no longer has a personal stake in the class action to continue litigating it nonetheless." *Id.* at 783. The Court cites as examples several cases from other circuits, including *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008) (where a plaintiff bringing a claim under the Fair Labor Standards Act files a "timely" motion for class certification after the defendant makes a Rule 68 offer, the motion relates back to the date of the complaint, and the claim is not moot); *Weiss v. Regal Collections*, 385 F.3d 337, 348-49 (3d Cir. 2004) ("Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint."); and *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1051 (5th Cir. 1981) (satisfaction in full of plaintiffs' personal claims made subsequent to denial without prejudice of plaintiffs' motion for class certification did not moot plaintiffs' claim). The Court also observed a decision questioning the wisdom of allowing Rule 68 offers to be made in class action cases. *Wrightsell*, 599 F.3d at 783 (citing *McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y.2003)).

Case law within the district reflects a lack of certainty on the issue. Several courts in this district have concluded that by filing a motion to certify a class within the ten-day period following the defendant's Rule 68 offer of judgment, a plaintiff can avoid mootness of his claim. *See Giblin v. Revenue Prod. Mgmt., Inc.*, No. 07 C 3432, 2008 WL 780627 (N.D. Ill. Mar. 24, 2008) (Guzman, J.); *Western Ry. Devices Corp. v. Lusida Rubber Products, Inc.*, No. 06 C 0052, 2006 WL 1697119, at *3 (N.D. Ill. June 13, 2006) (Grady, J.);[8] *Wilson v. Collecto, Inc.*, No. 03 C 4673, 2003 WL 22299022, at *2 (N.D. Ill. Oct. 6, 2003) (St. Eve, J); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 401 (N.D. Ill. 2000) (Gottschall, J.);[9] *Parker v. Risk Mgmt. Alternative, Inc.*, 204 F.R.D. 113, 114-16 (N.D. Ill. 2001) (Gettleman, J.); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239 (N.D. Ill. 2001) (Kocoras, J.); and *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714 (N.D. Ill. Aug.5, 1999), aff'd on other grounds, 210 F.3d 765 (7th Cir.2000) (Conlon, J.). The reasoning set forth by Judge Gottschall in *Asch* is persuasive and has been relied upon by several of the aforementioned cases. She explained that allowing the plaintiff to avoid a Rule 68 offer of judgment by moving for class certification within ten days

---

[8] In *Lusida*, Judge Grady distinguished *Holstein* and *Greisz* in that "neither addresses the issue of the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment[;]" the plaintiff in *Holstein* never actually moved to certify a class, and the defendant in *Greisz* made the settlement offer after the motion for class certification had been denied. 2006 WL 1697119, at *3. Because the plaintiff in *Holstein* did in fact move to certify a class after the offer of settlement was made (supra, n.3), I do not find Judge Grady's analysis with regard to *Holstein* to be persuasive.

[9] In *Asch*, the court discusses the Seventh Circuit's holding in *Holstein*, commenting: "Without indicating whether it would make a difference, the court explicitly noted that the problem was not simply that a class had not been certified but that the plaintiff had not even *moved* for class certification." *Asch*, 200 F.R.D at 400 (emphasis in original). However, since the plaintiff in *Holstein* had in fact moved for class certification after the offer of settlement (supra, n.3), it appears that it did not make a difference.

> adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68. Nor does it run afoul of the express language of the Rule. It has the additional salutary effect of taking away the incentive for a defendant to make a Rule 68 offer before either party has had a reasonable opportunity to evaluate the case; it restores Rule 68 to the role it should have-a means of facilitating and encouraging settlements, rather than a clever device for gaining an advantage by racing to the courthouse.

*Asch*, 200 F.R.D. at 401.

Few decisions, however, specifically address settlement offers, and those that do have held that the settlement offer moots the plaintiff's claim if it is made prior to the filing of a motion for class certification. I will discuss each in turn. In *White v. Humana Health Plan, Inc.*, No. 06 C 5546, 2007 WL 1297130, *6 (N.D. Ill. May 2, 2007), the plaintiff moved for class certification five days after the defendant offered to fully satisfy the relief requested. Judge Leinenweber found that the case was moot on the ground that a defendant is permitted to "pick off" plaintiffs "one by one, if offers are made before motions for class certification are filed." *Id.* at *7 (citing *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326, 339 (1980)).

A similar rationale was relied upon by Judge Grady in *Baker v. N.P.F. Liquors, Inc.*, No. 08 C 3494 slip op. at 2 (N.D. Ill. Filed Dec. 30, 2008). There, the defendant made both an offer of judgment pursuant to Rule 68, and a settlement offer. Seven days later, on the last day to accept the settlement offer and within the ten-day window for the Rule 68 offer, the Plaintiff moved to certify a class, and the defendant responded by moving to dismiss on the ground that the settlement and judgment offers rendered the claim moot. *Id.* In his initial ruling, Judge Grady found that the case was not moot because the motion for class certification was made during the pendency of the Rule 68 offer and the settlement offer. *Id.* at 3. However, upon reconsideration, Judge Grady found that the claim was moot once the offer of settlement was extended. *Id.* at 10. He noted that in *Holstein*, the Seventh Circuit made no mention of the time

13

that elapsed between the extension of the settlement offer and the motion for class certification. *Id.* at 10. Judge Grady's holding on reconsideration resulted in different outcomes for Rule 68 offers and settlement offers.

In *Martin v. PPP, Inc.*, No. 10 C 140, 2010 WL 2572524, at *5 (N.D. Ill. June 25, 2010), Judge Bucklo found that the defendant's settlement offer providing the plaintiff with complete relief mooted the plaintiff's claim. The plaintiff rejected the offer thirteen days after it was made and filed a motion for class certification the following day. *Id.* at *1. Arguing against dismissal, the plaintiff objected to the defendant's settlement offer on the ground that it did not satisfy Rule 68. *Id.* at *2. Judge Bucklo noted: "It is true that neither *Holstein*, nor any other Seventh Circuit case, addresses the Rule 68 issue explicitly. Nevertheless, dicta in the Seventh Circuit's cases strongly support the conclusion that a suit may be mooted by an offer of complete relief, irrespective of Rule 68." (Citing *Greisz*, 176 F.3d at 1015). "The salient point is not whether the offer was made under Rule 68, but that it was made prior to the filing of a class certification motion." *Id.* at *3.

The Seventh Circuit's recent observations in *Wrightsell* and the district court holding that a motion to certify a class filed within ten days following a Rule 68 offer can avoid mootness seem to contradict the Court's holding in *Holstein*, that the plaintiff's claim was mooted by an offer for complete relief, notwithstanding the plaintiff's subsequent motion for class certification. *Holstein* might be distinguished from *Wrightsell*, *Sandoz* and *Weiss* in that *Holstein* does not appear to address a Rule 68 offer of judgment, but rather a settlement offer. However, this assumption has been questioned. In *Giblin*, Judge Guzman characterized the defendant's offer in *Holstein* as a Rule 68 offer of judgment, and explained that the Seventh Circuit had affirmed the district court's dismissal for mootness where the plaintiff failed to accept the offer or move for

14

class certification within ten days. *Giblin*, 2008 WL. 780627, at *2. In *Parker*, Judge Gettleman notes the following:

> The *Holstein* court does not mention Rule 68, and thus it is not clear whether the offer in that case was an offer of judgment made pursuant to that rule. If the offer was made pursuant to Rule 68, the facts indicate that (unlike in the instant case) the plaintiff failed to file his motion for class action certification within the allotted 10-day period. If the offer was not made pursuant to Rule 68, then *Holstein* is further distinguished from the instant case on that basis.

204 F.R.D. at n.3 (citation omitted).

Neither the district court opinion nor the Seventh Circuit opinion in *Holstein* mentions Rule 68, the ten-day period allotted by the rule for a response, or the notion that the ten-day period was somehow dispositive. Instead, the opinions suggest that it was the fact that no motion for class certification had been filed or pending that was dispositive. *Holstein*, 803 F. Supp. at 209; *Holstein*, 29 F.3d at 1147. It seems unlikely that the Seventh Circuit would have neglected to discuss the time that elapsed between the defendant's settlement offer and the plaintiff's motion for class certification if it had been a significant factor (or a factor at all).

Assuming that *Holstein* did not involve an offer made pursuant to Rule 68, the question then becomes whether the distinction between a Rule 68 offer of judgment and a settlement offer is material in this context.[10] Judge Grady's opinions in *Baker* suggest a material difference between the two offers, finding that the defendant's Rule 68 offer did not moot the plaintiff's claim where the plaintiff moved to certify a class within ten days, but also finding that the claim was moot "once the [settlement] offer was extended." *Baker*, No. 08 C 3494 slip op. at 10.

---

[10] In this case the Settlement Offer was not made pursuant to Rule 68; this is clear in light of the fact that the offer was made while the case was pending in state court and not subject to the Federal Rules of Civil Procedure.

In *Martin*, Judge Bucklo found the distinction to be immaterial, as discussed *supra*. In his response, Plaintiff points out that the plaintiff in *Martin* waited fourteen days after the settlement offer to file his motion for class certification. According to Plaintiff, "the opinion is unclear whether filing a class certification motion within 10 days would have obviated mootness." However, what is clear in *Martin* is Judge Bucklo's conclusion that the deciding factor in that case was that the offer was made prior to the filing of a class certification motion.

It is difficult to see the difference for purposes of this analysis between a settlement offer and a Rule 68 offer of judgment. In *Grosvenor v. Brienen*, 801 F.2d 944, 949 (7th Cir. 1986), the Court distinguished generally a settlement offer from a Rule 68 offer of judgment. The former invites negotiation and allows for reconsideration; the latter does not. "The effect of a rejected offer of judgment is determined by the terms of the offer as they existed at the time the plaintiff rejects it." *Id.* Despite this difference, both a settlement offer of complete relief and a Rule 68 offer of the same can serve the same purpose: to buy off a named plaintiff for a relatively small amount at the beginning stages of the case. The Seventh Circuit has found that a settlement offer moots the case if it is made before the motion for class certification is filed. However, the Court in *Wrightsell* also seems to suggest that involuntary settlement, regardless of whether it is made pursuant to Rule 68, does not necessarily bar the named plaintiff with no personal stake in the outcome to continue to litigate the class action. In fact, two of the cases cited by the Court found that the plaintiffs' claims were not moot where the plaintiffs moved for class certification *after* the defendants make a Rule 68 offer because the motion related back to the complaint. It is unclear from the Seventh Circuit's discussion of this exception to mootness whether it applies only in the context described in *Wrightsell*, i.e. where a plaintiff's motion for class certification is

denied, an offer of settlement is made, and the plaintiff seeks to appeal the denial, or whether it should apply more broadly.

While *Wrightsell* may indicate an evolution in the Seventh Circuit's view on the issue of mootness, *Holstein* has not been overturned and it is directly on point. Moreover, although I find the reasoning articulated in *Asch* to be persuasive, applying it in this case presents a problem: what is a reasonable time-frame in which the plaintiff must file his motion for class certification in order to avoid the mootness of his claim? *Asch*, and the cases holding similarly, all involve Rule 68 offers of judgment. Rule 68 allows a plaintiff ten days to accept or reject the offer, and courts have held that it is during this ten-day period that a plaintiff may save his claim from mootness by filing a motion for class certification. But when the issue involves a settlement offer not made pursuant to Rule 68, applying the ten-day window is arbitrary. This may be one reason why the courts in *White*, *Baker*, and *Martin* declined to deviate from *Holstein*. The relation-back doctrine as articulated in *Weiss*, 385 F.3d at 348, allows for a class certification motion filed without "undue delay" to relate back to the filing of the class complaint. While such case-by-case review might be a sensible solution to the issue of whether a complete settlement offer made before a motion for class certification moots the plaintiff's claim, the doctrine has not been adopted by the Seventh Circuit in this context. With regard to settlement offers, *Holstein* is still the law in this Circuit, and I am bound by it. For this reason, I find that Defendant's offer of complete relief moots Plaintiff's claim.

## C. Exception To Mootness

Plaintiff argues that even if his individual claim is moot, dismissal is not warranted because Defendant's conduct is "capable of repetition, yet evading review." "[T]he mooting of the class representative's personal claim does not bar him from continuing to represent the class."

17

*Kifer*, 346 F.3d at 1156 (7th Cir. 2003). A plaintiff may avoid dismissal if his claim is "capable of repetition, yet evading review." *Holstein*, 29 F.3d 1147. To do so, the plaintiff must show that: (1) "his claim is so inherently transitory that the trial court [did] not have enough time to rule on a motion for class certification before the proposed representative's individual interest expired," and (2) "he will again be subject to the alleged illegality." *Id.* (citations and quotations omitted). Plaintiff fails to establish either proposition.

In order for Damasco to show that his claim is "inherently transitory," he must prove two elements: "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010). Damasco maintains that injury to him and other class members is inherently transitory, and that Clearwire will attempt to moot any future actions by attempting to make settlement offers as it has in this case. He claims that voluntary cessation of the challenged conduct does not deprive this Court of power to determine the legality of the conduct, citing *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 189 (2000). In *Laidlaw*, the defendant wastewater treatment plant had been accused of polluting local waterways in violation of its permit. *Id.* at 176. As part of a settlement with the state enforcement agency, the defendant agreed to make "every effort" to comply with its obligations under the permit. *Id.* at 177. The defendant argued the case was moot since it had substantially complied with its permit requirements and closed the facility that was the subject of the suit. *Id.* at 194. But the record on appeal indicated that after the plaintiff filed the action (and subsequent to the settlement), the defendant had continued to violate its permit. *Id.* at 178. Moreover, although the facility was closed, the defendant retained its permit. *Id.* at 193. The Court

remanded the case, finding that the effect of the defendant's compliance and the closure of the facility "on the prospect of future violations is a disputed factual matter." *Id.* On remand, the case might be moot if the defendant's violations "could not be reasonably expected to recur." *Id.*

Unlike *Laidlaw*, Clearwire has agreed to Damasco's demand for injunctive relief. In the Settlement Offer, Clearwire agrees that it would "cease the transmission of text messages to mobile subscribers who have not granted them permission to send text messages." Thus, it is difficult to see how the violations could reasonably be expected to recur. Plaintiff contends that the Settlement Offer is unclear as to who exactly would cease sending the messages and it fails to specify how Clearwire obtained Damasco's phone number. On the first point, the Settlement Offer is clear that injunction would bind "Clearwire Corporation on behalf of itself and its subsidiaries and affiliated entities, including but not limited to Clearwire Legacy LLC." Since Clearwire Corporation is the only named defendant, this appears to be even more relief than was sought by Plaintiff. As to the second point, Plaintiff fails to explain exactly how this missing information indicates that Defendant can be reasonably expected to repeat the violations. The proposed injunctive relief in this case makes clear that neither Plaintiff nor any other class of persons will be subject to further violations by Defendant.

**D. Remand**

Plaintiff argues that if this Court determines that there is no case or controversy, then it should remand the action to state court on the ground that removal to federal court was improper. According to Plaintiff, Illinois law on the issue of whether an offer made prior to a motion for class certification is more favorable to him. Plaintiff cites no authority to remand on this ground, and to do so would be inappropriate. As discussed *supra*, Clearwire is legally entitled to remove

19

this action arising under federal law, and as a result, it is up to this court to determine whether the case is moot. Mootness is not a basis for remand.

## IV. CONCLUSION

For the foregoing reasons, I find that Plaintiff's claim is moot. Defendant's motion to dismiss is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 2, 2010