**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME DAMASCO, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 10-CV-03063 |
| v. | ) ) | Hon. James B. Zagel |
| CLEARWIRE CORPORATION, a Delaware Corporation. | ) ) ) ) | |
| *Defendant*. | ) | |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF RECONSIDERATION OF THE COURT'S SEPTEMBER 2, 2010, ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, Jerome Damasco, by his attorneys Edelson McGuire LLC, and pursuant to Rules 59(e) and/or 60(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for reconsideration of its ruling in its September 2, 2010, Memorandum Opinion and Order dismissing this case as moot. (Dkt. Nos. 21-22.) Events occurring after the briefing and the decision in this case suggest that Defendant Clearwire Corporation ("Clearwire") could not have considered the May 14, 2010 letter an "offer" that could be immediately "accepted" by the Plaintiff. As a result, Plaintiff respectfully requests the Court reconsider its Order finding that Clearwire's "offer" mooted this case and that it deny Clearwire's motion to dismiss on that ground.

**I.    Facts and Procedural History**

Plaintiff filed this case as a class action in the Circuit Court of Cook County, Illinois on April 16, 2010, seeking relief on his own behalf and on behalf of the class he seeks to represent under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On May 14, 2010, Clearwire served Damasco with a letter containing a purported "settlement offer," which

purportedly provided Damasco with all the relief he could seek in his Complaint, in an attempt to moot the case. Clearwire removed the case to this Court on May 18, 2010, and Plaintiff filed a Motion for Class Certification the same day.

On the following day, May 19, 2010, Clearwire filed a Motion to Dismiss, asserting that its May 14 letter mooted this case. Plaintiff, in responding to the Motion to Dismiss, argued, *inter alia*, that the May 14, 2010 letter was not self-executing, and therefore did not constitute an "offer" capable of being "accepted." (*See* Pl. Resp. to Mtn. to Dismiss, at 3-5.) Plaintiff argued that the test for an offer is whether it induces a reasonable belief in the recipient that he can, by accepting, bind the sender. *See Cobb-Alvarez v. Union Pac. Corp.*, 962 F. Supp. 1049, 1054 (N.D. Ill. 1997) (citing *Architectural Metal Sys., Inc. v. Consol Sys.*, 58 F.3d 1227, 1229 (7th Cir. 1995). A party's suggestion is not an offer if it contains "suitable language conditioning the formation of a contract on some further step." *Cobb-Alvarez*, 962 F. Supp. at 1054 (dismissing claim because plaintiffs could not have reasonably thought defendants were bound by their acceptance where the alleged offer required further assent from defendants); *see also Restatement (Second) of Contracts* § 26. After briefing, the Court granted the Motion on September 2, 2010, and issued a Memorandum Opinion and Order discussing the reasons for granting the Motion to Dismiss. In short, the Court found that it was bound by the Seventh Circuit's holding in *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994) and that the May 14, 2010 letter rendered the case moot.

**II.  New Evidence Demonstrates Clearwire's Settlement Letter was not an Offer Capable of Acceptance.**

Since the Court's Order granting Clearwire's Motion to Dismiss, subsequent events have occurred that demonstrate Plaintiff could not have accepted the "offer" contained in the May 14, 2010, letter. A motion to reconsider is available to correct manifest errors of law or fact or to

present newly discovered evidence. *Publisher's Resource Inc. v. Walker-David Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A motion to reconsider should be used neither to introduce new evidence that was available during original consideration nor to introduce new legal theories." *Calderon v. Reno*, 56 F. Supp. 2d 997, 998 (N.D. Ill. 1999) (citing *Publisher's Resource*, 762 F.2d at 561)). Here, the new evidence warrants the Court's reconsideration of the dismissal of this action.

On August 4, after the briefing in this case was concluded, Sheila Fahey filed a similar class action complaint asserting a claim under the TCPA in the Cook County Circuit Court against Career Education Corporation ("CEC"). Ms. Fahey is represented by Edelson McGuire in that matter. Less than 20 hours later, and before Plaintiff could even serve CEC with the complaint, Bart Murphy, counsel for CEC (and also counsel to Clearwire here), transmitted a letter containing a settlement offer to counsel for Plaintiff Fahey (also counsel for Plaintiff here). That August 5 letter was identical to the letter at issue in the Motion to Dismiss in this case. A true and correct copy of Mr. Murphy's August 5, 2010 letter is attached hereto as Exhibit A.

In this subsequent case, Plaintiff Fahey and three other clients of Edelson McGuire accepted the offer made by Mr. Murphy and Defendant CEC. The decision to accept was informed by the uncertainty created by the current case and the motion to dismiss. Accordingly, Plaintiff's counsel sent a letter to Mr. Murphy on August 19, 2010, accepting that "offer." A true and correct copy of an email to Mr. Murphy containing the August 19, 2010 letter and draft agreed order for permanent injunction is attached hereto as Exhibit B.

According to the theory espoused by Mr. Murphy in this case, and adopted by the Court, the August 19, 2010 letter accepting CEC's offer should have created a binding contract. CEC and its counsel appear to disagree with that conclusion, however. The August 19, 2010, letter was received by Mr. Murphy, but the case is not settled despite passage of three weeks. Instead,

3

CEC has removed its case to this Court, without even mentioning the Plaintiffs' acceptance of the purported settlement offer. A true and correct copy of the Notice of Removal sent to Plaintiff's counsel is attached hereto as Exhibit C. In fact, neither Mr. Murphy nor any other representative of CEC responded in any way to the August 19, 2010, letter until CEC decided to remove the case to this Court. Late in the day on Friday, September 3, 2010, a new attorney purporting to represent CEC left a voice message for Plaintiff's counsel. It stated as follows:

> Mike, Hi this is Chris Wilson at Perkins Coie. I've been retained by Career Education on the class action you filed, and I understand that there's correspondence with Ice Miller, **and they were working with you on a settlement on the Fahey case in state court, and I still think we're still interested in resolving that along the lines discussed**, but in an abundance of caution we're removing Fahey to the northern district just so we're not under time pressure and don't blow that deadline. So, please call me if you've got any questions. [phone number] I just didn't want you to be surprised and wonder why there were new lawyers and what was going on, and what kind of signal, if anything, was being sent. Its just that we're still proceeding on Fahey, Rojas is its own case, but that we're removing it, so that we can not have blown some deadline in state court. Again [phone number]. Thanks.

(Emphasis added).

The voice mail from CEC's Counsel shows that CEC did not consider the case settled by Plaintiff's letter accepting the settlement on the terms provided, or that a contract was created. Similarly, Mr. Murphy's lack of response, the failure to pay the proffered settlement amount or costs, the failure to assent to the agreed order for injunction, and the removal of the case to this Court long after the offer had been accepted, all indicate that CEC and its counsel did not consider Plaintiff's August 19, 2010 letter the creation of a contract or the settlement of that case.

CEC's actions in the *Fahey* case are relevant to the Court's decision in this case. Mr. Murphy sent an identical letter in the two cases.[1] In this case, he argued—successfully— that the "offer" contained in that letter was capable of being accepted and forming a contract. In the

---

[1] A true and correct copy of Mr. Murphy's May 14 letter in this case is attached hereto as Exhibit D.

4

*Fahey* case, his actions show that the "offer" contained in that letter was not capable of being accepted and forming a contract, at least in the eyes of Mr. Murphy and CEC's additional counsel. In fact, CEC has explicitly taken the position that a contract has not been formed. In an email to counsel for Plaintiffs on September 8, 2010, CEC's new counsel has demanded additional information and a declaration from the Plaintiffs before it will pay any settlement amount, all of which must occur "prior to the resolution of this case." The email also attaches a "revised proposed injunction" that is not what was sought in the Complaint, but instead attempts to limit the scope of injunctive relief so that the injunction applies only to the four settling Plaintiffs.[2] A true and correct copy of the September 8, 2010, email is attached hereto as Exhibit E.

The September 8, 2010 email adds clarity to the position of CEC and its counsel—its position is that a contract was not formed by Plaintiffs' acceptance of the terms in Mr. Murphy's August 5, 2010 letter, nor a settlement reached. Because the "offers" were identical in both cases, if acceptance of the "offer" in Mr. Murphy's August 5, 2010 letter to the CEC Plaintiffs could not bind the defendant in that case, than it could not have bound Clearwire in this case either.

The presumption that Mr. Murphy's "offer" bound the Defendant and could be "accepted" to form a contract is the thread that binds the analysis in this Court's Memorandum Opinion and Order dismissing the case. If that thread is pulled, the entire rationale for the opinion falls apart. The Court stated that "a manifestation of willingness to enter into a bargain

---

[2] In fact, even in *Martin v. PPP, Inc.*, Case No. 1:10-cv-00140, the "additional authority" cited by Clearwire in support of its Motion to Dismiss (Dkt. No. 17), the injunction contemplated by the "offer" has yet to be entered, despite the passage of over two months. In that case, Judge Bucklo ordered that the Plaintiff was entitled to $1,500 and costs, and "an injunction will be entered prohibiting Fidelity from placing future calls to cellular phones using an ATDS and/or prerecorded voice messages in violation of the TCPA. [Case No. 1:10-cv-00140, Dkt. No. 46, at 21-22 (June 25, 2010)]. As of today, nothing in the record of that case indicates that the injunction has been entered or the money paid.

5

is not an offer if the bargain cannot be concluded unless the *offeror* makes a further manifestation of assent or takes some further step. In this case, no such action is required by the offeror. The letter says nothing about any additional step that Clearwire might need to take to conclude the offer, such as getting final approval from headquarters." (Dkt. No. 22, at 6.) Although the May 14, 2010, letter from Mr. Murphy did not say anything about additional steps that might need to be taken, these subsequent actions by Mr. Murphy and his other client indicate that additional steps and assent, by the offeror, <u>are</u> necessary before a contract could be formed.

In this case, the Court's granting of Clearwire's Motion to Dismiss should be reconsidered in light of the new evidence discussed above, and its effect on the Court's analysis. As Plaintiff argued in his Opposition to the Motion to Dismiss, "Clearwire's letter required counsel for Damasco to inform Clearwire of the number of messages and the number of plaintiffs prior to any action or obligation on its part, and invites Clearwire to withdraw the offer upon provision of such information." (Pl. Opp. to Mtn. to Dismiss, at 3.) This seems to be precisely what CEC has done in the same situation with the same "offer."

The newly discovered evidence discussed above also supports the reasoning and case-by-case solution that the Court found persuasive in both the Plaintiff's Opposition and the Court's opinion here. Should defendants be able to moot any class action prior to answering or even appearing, it would "force plaintiffs to file class certification motions with the complaint[,]" would "force defendants to brief the motion and rule on it prior to any discovery[,] and would "not promote the efficient and fair management of class action cases." *Asch v. Teller, Levit & Silver*, 200 F.R.D. 399, 400-01 (N.D. Ill. 2000). Such a situation directly conflicts with the Seventh Circuit's requirement that discovery and even rulings on *Daubert* motions should be conducted early because "a district court must make whatever factual and legal inquiries and decide all relevant contested issues prior to [class] certification." *American Honda Motor Co.,*

*Inc. v. Allen*, 600 F.3d 813, 817 (7th Cir. 2010).

Ultimately, as the cases discussed in *Wrightsell v. Cook County,* 599 F.3d 781 (7th Cir. 2010) make clear, there should be "some time for a plaintiff to move to certify a collective action before a defendant can moot the claim." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 (5th Cir. 2008); *see also Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004) ("a rule allowing plaintiffs to be 'picked off' at an early stage in a putative class action may waste judicial resources").

### III.   CONCLUSION

For the reasons discussed above, Plaintiff Jerome Damasco, individually and on behalf of the putative class, respectfully requests that the Court reconsider its September 2, 2010 Memorandum Opinion and Order based on the newly-discovered evidence discussed above, and deny the Defendant's Motion to Dismiss, and award such other and further relief as the Court deems equitable and just.

Dated: September 9, 2010                                  Respectfully submitted,

                                                                                    **JEROME DAMASCO**, *individually and on behalf of a class of similarly situated individuals*

                                                                                       /s/ Michael J. McMorrow
                                                                                    One of his attorneys

Michael J. McMorrow
Ryan D. Andrews
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused to be served and filed Plaintiff's ***Motion and Memorandum in Support of Reconsideration of the Court's September 2, 2010 Order Granting Defendant's Motion to Dismiss*** electronically with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished via ECF this **September 9**, on:

| | |
|---|---|
| Bart T. Murphy # 6181178 | Joan Ritchey |
| Thomas J. Hayes | Ice Miller LLP |
| Ice Miller LLP | 200 W. Madison, Ste. 3500 |
| 2300 Cabot Dr., Ste. 455 | Chicago, IL 60606 |
| Lisle, IL 60532 | |

/s/ Michael J. McMorrow