IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME DAMASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10 CV 3063 |
| | ) | |
| CLEARWIRE CORPORATION, | ) | Judge Zagel |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPT. 2, 2010 ORDER DISMISSING THE CASE**

NOW COMES the Defendant, CLEARWIRE CORPORATION, by its attorneys, Ice Miller LLP, and in response to Plaintiff's Motion for Reconsideration of the Court's September 2, 2010 order dismissing this case, states as follows.

**I.
INTRODUCTION**

On September 2, 2010, the Court entered an order granting Clearwire's motion to dismiss this case holding that the May 14, 2010 settlement offer which Clearwire made to Plaintiff (the "Settlement Offer"), provided Plaintiff with all the relief to which he would be entitled were he to prevail in this case, and therefore it mooted Plaintiff's claim and his complaint was dismissed for lack of standing. *Damasco v. Clearwire Corporation,* No. 10 CV 3063, 2010 U.S. Dist. LEXIS 91151 (N.D. Ill. Sept, 2, 2010). In opposing Clearwire's motion to dismiss, Plaintiff asserted that the Settlement Offer was not a valid offer. The Court rejected Plaintiff's argument and found that the Settlement Offer was a valid offer capable of being accepted by Plaintiff. *Id.*

Plaintiff now requests the Court to reconsider its finding in its September 2, 2010 decision that the Settlement Offer was a valid offer. Plaintiff brings this motion under Rules 59(e) and/or 60(b)(2) of the Federal Rules of Civil Procedure. Technically Plaintiff's motion

1

under Rule 60(b)(2) is improper and premature in light of his Rule 59(e) motion. *Sosebee v. Astrue,* 494 F.3d 583, 585 (7th Cir. 2007). Further the Seventh Circuit has expressed doubt as to whether a Rule 60(b)(2) motion can be applicable to a dismissal under Fed. R. Civ. Proc. 12(b)(1). *Peacock v. Board of School Commissioners of the City of Indianapolis,* 721 F.2d 210, 213 (7th Cir. 1983). As a practical matter this issue is insignificant as the standard under either rule is effectively the same. *Id.*

Plaintiff asserts in his motion that "newly discovered evidence" in the form of statements made in an unrelated case by counsel for a party which has no relation whatsoever to Clearwire, demonstrate that the Settlement Offer in this case is indefinite and invalid. The "newly discovered evidence" upon which Plaintiff relies consists of a purported voice mail message and e-mail message from counsel for Career Education, a defendant in another case (*Fahey v. Career Education*, No. 10 CV 5635, USDC N.D. Ill.), (the "Fahey Case") which were sent to the Edelson McGuire firm, who is counsel for the plaintiff in the Fahey Case and is also counsel for the Plaintiff in this case. Plaintiff asserts that the purported statements made by Career Education's counsel in the Fahey Case can somehow be used to show that Clearwire never intended to honor the Settlement Offer it made in this case[1]. In other words, Plaintiff is asserting that the conduct of counsel for another party in a totally unrelated case can be used to prove Clearwire's intent with respect to the Settlement Offer in this case. Plaintiff's assertion is absurd. As discussed below, since the Court has found that the Settlement Offer was definite and unambiguous and that it was a valid offer, the Court should not even entertain evidence as to the subjective intent of the parties to reconsider whether the Settlement Offer was valid.

---

[1] Clearwire notes that its counsel in this case formerly represented Career Education in the Fahey Case, but not at the time the two communications on which Plaintiff relies were made.

Even if the Court were willing to entertain Plaintiff's theory, Plaintiff fails to offer any evidentiary basis for his purported newly discovered evidence. The purported newly discovered evidence is inadmissible under Fed. R. Evid. 802 as it is classic hearsay evidence. Even if Plaintiff could somehow establish an evidentiary basis to admit the purported newly discovered evidence, it is irrelevant and immaterial and would be inadmissible pursuant to Fed. R. Evid. 402. The purported conduct of Career Education's counsel in the Fahey Case is not relevant as to the intent of Clearwire for purposes of ascertaining whether the Settlement Offer is valid. The notion that Clearwire's intent can be divined from the actions of Career Education Corporation's counsel in the Fahey Case is absurd.

Plaintiff's recitation of the facts and procedural history is incomplete. In order to provide the Court with the complete record, <u>should the Court find the record relevant</u>, Clearwire provides the following short summary of events which are potentially relevant to Plaintiff's Motion.

- **April 16, 2010** Plaintiff files complaint.

- **May 14, 2010** Clearwire makes the Settlement Offer to Plaintiff. To this day Plaintiff has failed to accept the Settlement Offer. (See: Exhibit D to Plaintiff's Motion). On September 17, 2010 Plaintiff has indicated through his actions that he is rejecting the Settlement Offer.

- **May 19, 2010** Clearwire files its Motion to Dismiss.

- **September 2, 2010** The Court grants Clearwire's Motion and dismisses the case.

- **September 9, 2010** Since Plaintiff had yet to accept the Settlement Offer, counsel for Clearwire sent Plaintiff's counsel a letter indicating that Plaintiff had yet to accept the Settlement Offer and requesting Plaintiff to indicate whether he is accepting the offer and if so to provide the information regarding the number of text messages Plaintiff received and the taxable costs incurred so that Clearwire could arrange for payment. A copy of this letter is attached as Exhibit 1.

- **September 9, 2010** Plaintiff filed the instant Motion for Reconsideration on this date. Plaintiff's Motion and Clearwire's letter to Plaintiff's counsel were transmitted almost simultaneously by each party to the opposing side via e-mail.

3

- **September 16, 2010** Plaintiff's counsel failed to respond to Clearwire's September 9, 2010 letter, and on this date counsel for Clearwire sent Plaintiff a second letter advising Plaintiff's counsel that Plaintiff had yet to accept the Settlement Offer or respond to the Settlement Offer or Clearwire's September 9, 2010 letter, and that since Plaintiff failed to provide Clearwire with the requested information as to the number of text messages received and the amount of its taxable costs, Clearwire would assume a single message was received (requiring a payment of $1,500 under the Settlement Offer) and that taxable costs were $559.00. Based on these assumptions which Clearwire was forced to make due to Plaintiff's failure to respond to requests for the information, Clearwire tendered to Plaintiff a check in the amount of $2,059.00 representing what it believed was satisfaction of the monetary portion of the Settlement Offer. Clearwire advised Plaintiff in this letter that it stood ready, willing and able to fulfill the Settlement Offer. Clearwire also advised Plaintiff's counsel in this letter that: "If you [Plaintiff] are not willing to accept the Settlement Offer return the check to me [Clearwire's counsel]." A copy of the September 16, 2010 letter is attached hereto as Exhibit 2.

- **September 17, 2010** Plaintiff's counsel sends a letter to Clearwire's counsel returning the settlement check to Clearwire's counsel thereby rejecting the Settlement Offer. A copy of this letter is attached hereto as Exhibit 3.

## II.
## ARGUMENT

A. **Plaintiff's Motion Should be Denied as the Court Found That the Terms of Clearwire's Settlement Offer Were Sufficiently Definite and There Was No Ambiguity, Thus Evidence of the Subjective Intent of the Parties as to Whether an Agreement Existed May Not be Considered**

Plaintiff's motion is premised on purported newly discovered evidence that Clearwire did not intend to honor the Settlement Offer it made. The Court found that the terms of the Settlement Offer were sufficiently definite to constitute a valid offer. *Damasco*, 2010 U.S. Dist. LEXIS 91151 at *5-11. The "newly discovered evidence" on which Plaintiff's motion is based consists of purported evidence of Clearwire's intent, supposedly divined from statements made by counsel for other parties in unrelated litigation. Where as here, a contract or putative contract[2] is not ambiguous, the Court must construe it according to its plain terms and not according to the parties' subjective constructions. *William Blair and Company, LLC v. FI*

---

[2] Plaintiff has rejected the Settlement Offer, but Plaintiff could have accepted the Settlement Offer and created an enforceable contract.

4

*Liquidation Corp.,* 358 Ill.App.3d 324, 335, 830 N.E.2d 760, 770 (1st Dist. 2005). Plaintiff is requesting the Court to ignore the definitive terms of the Settlement Offer and to instead look to alleged newly discovered evidence of Clearwire's subjective intent, which he contends may somehow be ascertained from statements made by counsel in other unrelated litigation, to find that a valid offer did not exist. Since the Court found that the terms of the Settlement Offer are definite and not vague or ambiguous, the purported evidence of Clearwire's subjective intent as to whether an offer existed, which is the basis of Plaintiff's Motion, may not be considered. *Id*. Therefore Plaintiff's Motion should be denied.

**B.     If the Court is Going to Consider Extrinsic Evidence as to the Intent of the Parties, Events Subsequent to the Dismissal of the Case Confirm That Clearwire Intended to Make a Valid Offer and That Plaintiff Rejected the Settlement Offer**

If the Court were to consider extrinsic evidence as to Clearwire's intent, events subsequent to the dismissal of this case on September 2, 2010 (and prior to and after the filing of Plaintiff's Motion), confirm that Clearwire stood ready, willing and able to honor the Settlement Offer and that Plaintiff has rejected the Settlement Offer. On September 9, 2010, a week after the Court entered its decision granting the motion to dismiss, Clearwire's counsel sent Plaintiff's counsel a letter requesting Plaintiff's counsel to indicate whether Plaintiff would be accepting the Settlement Offer and asking for information to allow Clearwire to fulfill the Settlement Offer. (See Exhibit 1). This letter was sent to Plaintiff's counsel via e-mail at virtually the same time Plaintiff was electronically filing his Motion for Reconsideration.

Plaintiff's counsel failed to respond to the September 9, 2010 letter. (See Ex. 4 – Murphy Declaration). On September 16, 2010, Clearwire's counsel sent a second letter to Plaintiff's counsel indicating that although Plaintiff had neither accepted the Settlement Offer nor provided Clearwire with the information requested so that Clearwire could fulfill the Settlement Offer,

5

Clearwire was tendering a check for $2,059, the amount it assumed[3] represented the monetary payment it offered under the Settlement Offer. In this letter Clearwire's counsel indicated that if Plaintiff was not willing to accept the Settlement Offer, then Plaintiff's counsel should return the settlement check. (See Exhibit 2). On September 17, 2010 Plaintiff's counsel sent Clearwire's counsel a letter rejecting the Settlement Offer and returning the settlement check which Clearwire had tendered. (See Exhibits 3 and 4).

It is ironic that Plaintiff is attempting to argue that Clearwire never intended to honor the Settlement Offer when Plaintiff has rejected the Settlement Offer which the Court found fully satisfied his claims, by returning the settlement check which Clearwire tendered. (See Exhibits 2 and 3). Where a plaintiff rejects an offer that completely satisfies his claims, he is no longer entitled to any of the promised relief. *See, e.g., Rand v. Monsanto, Co.,* 926 F.2d 596, 598 *(7th Cir. 1991)* ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under *Fed. R. Civ. P. 12(b)(1)*, because he has no remaining stake."); *Baker v. N.P.F. Liquors, Inc.,* No. 08 C 3494, 2009 WL 212114, at *1 (N.D. Ill. Jan. 28, 2009) (citing cases).

### C. Even if the Court Were to Consider the Purported Newly Discovered Evidence, Plaintiff Fails to Satisfy the Prerequisites for Relief Under FRCP Rule 59(e) or 60(b)(2)

Plaintiff's motion for reconsideration is brought pursuant to Fed. R. Civ. Proc. 59(e) and/or 60 (b)(2) which provides for relief from a judgment based on newly discovered evidence which with reasonable diligence could not have been discovered prior to the Court's ruling on September 2, 2010. "Relief under *Rule 60(b)(2)* 'is an extraordinary remedy that is to be granted

---

[3] Since Plaintiff's counsel failed to respond to Clearwire's requests for information to fulfill the Settlement Offer, the September 16, 2010 letter informed Plaintiff's counsel that Clearwire was assuming a single text message was received by Plaintiff ($1,500 per message was offered) and that the only taxable costs were the filing fees of $559. Therefore the total monetary payment under the Settlement Offer is assumed to be $2,059.00

6

only in exceptional circumstances'." *Jones v. Lincoln Electric Co.,* 188 F.3d 709, 732 (7th Cir. 1999); *quoting Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir. 1995). As shall be discussed below, the required exceptional circumstances are not present here, and the alleged "newly discovered evidence" does not warrant reconsideration of the Court's September 2, 2010 order dismissing this case. The prerequisites for obtaining relief under Rule 60(b)(2) are as follows: 1) the evidence was in existence at the time of trial or pertains to facts in existence at the time of trial; 2) it was discovered following trial; 3) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; 4) the evidence is admissible; 5) it is credible; 6) the new evidence is material; 7) it is not merely cumulative or impeaching; and, finally, 8) the new evidence is likely to change the outcome. *United States v. McGaughey,* 977 F.2d 1067, 1075 (7th Cir. 1992) (citation omitted). As noted above, the prerequisites for Rule 59(e) relief are effectively the same. *Peacock,* 721 F.2d at 213. If any of the prerequisites are not met, Plaintiff's motion must fail. *Christiansen v. Inman*, 98 Fed. Appx. 521, 2004 U.S. App. LEXIS 7650 (7th Cir. April 14, 2004); *Jones,* 188 F.3d at 732. As shall be discussed below, the "newly discovered evidence" fails to meet multiple prerequisites, and therefore the Motion should be denied.

    1.    The "Newly Discovered Evidence"

The purported "newly discovered evidence" Plaintiff cites to consists of communications in the form of voice mail and e-mail messages which occurred between counsel in the Fahey Case. The Fahey Case was filed on August 4, 2010 in state court.[4] The Edelson McGuire firm, which represents the Plaintiff in this case, also represents the plaintiff in the Fahey Case. To be clear, Clearwire, the Defendant in the instant matter, is not party to nor has any connection whatsoever to the Fahey Case.

Unfortunately the following lengthy recitation of facts, which are unrelated to this case, is necessary to put the communications which Plaintiff cites as "newly discovered evidence" into context and to shed light on why they are immaterial. As Plaintiff's counsel alleges, (without proper evidentiary support), at pages three through five of his memorandum in support of his motion, Career Education Corporation made a settlement offer to the plaintiff in the Fahey Case which is similar to the Settlement Offer Clearwire made in this case. Unlike the situation in this case, in the Fahey Case the plaintiff advised Career Education Corporation in a letter dated August 19, 2010 (See Ex. B to Pltf's Memo), that she was accepting the settlement offer. It should also be noted that on that same day, the Edelson McGuire firm filed a second case (this time in this Court) against Career Education Corporation alleging the same claims which they made in the Fahey Case.

Plaintiff points to two pieces of evidence, both of which are communications between the Edelson McGuire firm (as counsel for the plaintiff in the Fahey Case) and Career Education's counsel in the Fahey Case as the "newly discovered evidence" which he erroneously contends warrants the reconsideration of the Court's order of September 2, 2010 dismissing this case. Plaintiff contends that these two communications somehow demonstrate that Clearwire did not intend to honor the Settlement Offer and it is invalid. Plaintiff's argument is absurd.

2. The September 3, 2010 Voice Mail Message

Plaintiff first points to a September 3, 2010 voice mail message (the "Voice Mail Message") which Career Education's counsel allegedly left for Mr. Edelson of the Edelson McGuire firm regarding the Fahey Case. (See Pltf's Memo at p. 4). In the message Career Education's counsel purportedly advised Mr. Edelson that he had been retained by Career Education Corporation and that he was removing the Fahey Case (which was originally filed in

---

[4] The Court may take judicial notice of the docket in the Fahey Case.

the Circuit Court of Cook County) to federal court "out of an abundance of caution"[5]. Accepting Plaintiff's rendition of the Voice Mail Message as true, it is apparent from its face that it was clearly intended by Career Education's counsel to explain that they had been retained by Career Education and why he was taking the action of removing the Fahey Case. Although Plaintiff attempts to twist this communication and asserts it reflects that Career Education was attempting to back out of the settlement offer which it had made in the Fahey Case, the Court need not accept this tortured and speculative construction of the Voice Mail Message (if the Court is even going to consider the Voice Mail Message at all). Contrary to Plaintiff's assertion, the purported transcript of the Voice Mail Message (see Pltf's Motion at p.4) demonstrates that Career Education was not backing out of its settlement offer and intended to honor the offer.

    Clearwire notes that there is absolutely no evidentiary foundation offered for the Voice Mail Message, and it is classic hearsay evidence. Further, even if the Voice Mail Message were admissible, it is totally irrelevant to this case. Clearwire was not a party or in any way connected to the Fahey Case. The statements by Career Education's counsel contained in the Voice Mail Message cannot be attributed to Clearwire. Further, even if the Voice Mail Message were admissible and the Court were to adopt the tortured construction of the Voice Mail Message advocated by Plaintiff's counsel, the statements of Career Education's counsel in an unrelated case are not probative or demonstrative of Clearwire's intent with respect to the Settlement Offer it made nearly four months prior to Jerome Damasco on May 14, 2010 in this case. Therefore there is no basis for relief.

---

[5]     For our purposes we can only speculate as to the strategic reasons for removal and note that if removal rights were not exercised within 30 days of services and the litigation were to continue Career Education would lose the right to remove the case to federal court.

9

### 3. It is Clear that the Voice Mail Message Does Not Satisfy the Prerequisites for Relief Under Rule 59(e) or 60(b)(2)

As noted above, in order to obtain relief under Rule 60(b)(2) the evidence must satisfy all of the prerequisites for relief under this rule and the failure to satisfy any one of them means relief should be denied. *Jones,* 188 F.3d at 732. Here the Voice Mail Message fails to satisfy at least four of the eight prerequisites for relief under Rule 59(e) or 60 (b)(2).

### a. The Voice Mail Message Fails to meet the first prerequisite – that the evidence is in existence at the time the Court granted the motion to dismiss is not met

The first prerequisite is not met as the Voice Mail Message was not in existence at the time the Court granted Clearwire's motion to dismiss. If we accept the Plaintiff's representation on its face, the statements made in the Voice Mail Message were made on September 3, 2010, (See Pltf's Memo at p. 4), the day after the Court entered its order granting Clearwire's motion to dismiss the instant litigation. Therefore, the Voice Mail Message fails to satisfy the first prerequisite.

### b. The Voice Mail Message Fails to meet the fourth prerequisite – that it is admissible into evidence

There has been absolutely no evidentiary foundation provided for the Voice Mail Message which would allow the Court to even consider this evidence. The Voice Mail Message is classic hearsay. It consists of the statements of Career Education's counsel in a totally unrelated case. Even if the Court were to entertain a "state of mind exception argument" to overcome the hearsay issue, there is absolutely no basis for asserting that Career Education's counsel's statements on behalf of a totally unrelated client in a totally unrelated case can be used to establish Clearwire's state of mind in making the Settlement Offer in this case. Plaintiff fails to offer any connection between Clearwire and Career Education. Further, Clearwire made a

Settlement Offer in this case on May 14, 2010, over three months prior to the date the Fahey Case was even filed against Career Education. The Voice Mail Message is inadmissible, and therefore it fails to meet the fourth prerequisite. *Cf. Rousey v. Hilliard,* No. 08 CV 463, 2010 U.S. Dist. Lexis 35606 (S.D. Ill. April 10, 2010) (denying Rule 59(e) motion based on holding that "newly discovered evidence" offered as basis for motion was immaterial and potentially inadmissible); *Regions Bank v. Vannatta,* No. 07 CV 46, 2009 U.S. Dist. LEXIS 46253 (E.D. Tenn. May 29, 2009 (denying Rule 60(b)(2) motion on ground newly discovered evidence was hearsay).

### c. The Voice Mail Message Fails to meet the sixth prerequisite – that it is material

The Voice Mail Message is not material or relevant. Plaintiff's counsel erroneously contends without any support that Career Education's counsel's statements and actions in the course of his representation of Career Education in a totally unrelated case are somehow material to the issue of whether Clearwire intended to honor the Settlement Offer. Such an assertion is absurd. Whether Career Education or its counsel intended to honor the settlement offer in the Fahey Case is immaterial as to whether Clearwire intended to honor the Settlement Offer in this case. Regardless of Clearwire's intent, the Court found that the Settlement Offer was a valid and enforceable settlement offer. *Damasco*, 2010 U.S. Dist. LEXIS 91151 at *10-11. Since the Court found that the Settlement Offer was enforceable, when accepted by Plaintiff a binding contract could be created which would require Clearwire to fulfill the terms of the Settlement Offer. As noted, here, Plaintiff has rejected the Settlement Offer. The Voice Mail Message is not material, and Plaintiff fails to satisfy the sixth prerequisite.

### d. The Voice Mail Message fails to meet the eighth prerequisite – it is not likely to change the outcome

Finally, the Voice Mail Message fails to satisfy the eighth prerequisite as even if it were admissible, consideration of this evidence would not change the outcome of the Court's decision on Clearwire's Motion to Dismiss. The evidence is totally irrelevant to the issue of whether Clearwire's Settlement Offer in this case is a valid offer capable of being accepted by Plaintiff. Even if the Court were to consider the Voice Mail Message, it would not change the outcome of this case. Plaintiff fails to satisfy his burden under Fed. R. Civ. Proc. 59(e) and/or 60(b)(2), and this motion should be denied.

### 4. The September 8, 2010 E-Mail

The second piece of "newly discovered evidence" upon which Plaintiff relies is an e-mail message between counsel in the Fahey Case dated September 8, 2010 (the "E-Mail Message"). (See Ex. E to Plaintiff's Memorandum). This communication is totally unrelated to this case. The E-Mail Message was sent by Career Education's counsel to counsel for plaintiff in the Fahey Case, and it concerns the relief to be provided by Career Education to fulfill the settlement offer it made in the Fahey Case. Plaintiff first misinterprets the content of the E-Mail Message, erroneously asserting that it demonstrates no offer was made in the Fahey Case, and then leaps to the illogical and unsupported conclusion that because there was no offer in the Fahey Case and the offer in the Fahey Case was similar to the Settlement Offer Clearwire made in this case, there is no offer in this case. Plaintiff's argument is illogical and must be rejected.

The premise for Plaintiff's argument is wrong for two reasons. First, contrary to Plaintiff's assertion, the E-Mail Message does not reflect that Career Education refuses to acknowledge that it made a valid settlement offer in the Fahey Case. At best the E-Mail Message reflects a disagreement between Career Education's counsel and Fahey's counsel

12

(Edelson) regarding what relief Career Education is required to provide under the settlement offer made in the Fahey Case. Second, the conduct of the parties after an offer was made and accepted would not usually even be relevant to determine whether a valid and enforceable offer was made in the first place.

Regardless, even if one were to accept that the premise for Plaintiff's argument is correct, the fact that counsel (Career Education's counsel) for an unrelated party (Career Education) in an unrelated case (the Fahey Case) refused to acknowledge that a valid settlement offer was made in that case (the Fahey Case) after the offer was accepted, does not establish that the Settlement Offer made in this case was not valid. The conduct of Career Education's counsel in the Fahey Case cannot be attributed to Clearwire simply because the Settlement Offer Clearwire made in this case is similar to the settlement offer made by Career Education in the Fahey case. The E-Mail Message is not relevant in any manner to the issue of whether the Settlement Offer in this case is a valid offer.

    a.    **The E-Mail Message Fails to Meet the Prerequisites for Relief Under Rule 59(e) or 60(b)(2)**

Just as the Voice Mail Message failed to meet the prerequisites for relief under Rule 60(b)(2), the same fate befalls the E-Mail Message. The E-Mail Message also fails to satisfy the first, fourth, sixth and eighth prerequisites for relief under Rule 60(b)(2). The same arguments set forth above regarding the failure of the Voice Mail Message to meet the prerequisites apply to the E-Mail Message and are incorporated by reference. The E-Mail Message did not exist on September 2, 2010 when the Court issued its decision, so it fails to satisfy the first prerequisite. The E-Mail Message fails to meet the fourth prerequisite as it is inadmissible as there is no foundation and it is hearsay. It fails to satisfy the sixth prerequisite as purported statements by Career Education's counsel in the Fahey Case are not material to the issue of the validity of the

Settlement Offer in this case. Finally, the E-Mail Message fails to satisfy the eighth prerequisite as even if the Court were to consider the E-Mail Message, as discussed above it would not change the outcome in this case.

> **5.  Since Both the Voice Mail Message and the E-Mail Message Fail to Satisfy the Prerequisites for Relief Under Rule 59(e) or 60(b)(2), Plaintiff's Motion Must Be Denied**

Neither the Voice Mail Message nor the E-Mail Message satisfy all of the prerequisites for relief under Rule 60(b)(2). In fact they both fail to satisfy 50% of the prerequisites. The failure to satisfy a single prerequisite results in the denial of relief under Rule 60(b)(2) or Rule 59(e). *Jones,* 188 F.3d at 732. Therefore the "newly discovered evidence" Plaintiff relies upon fails to satisfy the prerequisites of Rule 59(e) or 60(b)(2), and the motion should be denied.

**D.  Plaintiff's Attempt to Rehash Legal Arguments Already Decided by the Court Should be Rejected**

Although Plaintiff's motion for reconsideration is premised upon "newly discovered evidence," Plaintiff concludes his memorandum at page six and seven by rehashing legal arguments already disposed of by the Court in its decision granting Clearwire's motion to dismiss on September 2, 2010. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries,* 90 F.3d 1264, 1270 (7th Cir. 1996). Plaintiff's attempt to rehash these arguments should be rejected. Alternatively, should the Court consider them to be new arguments they have been waived.

## III.
## CONCLUSION

The Court has found that the terms of the Settlement Offer were definite and sufficient to allow the creation of an enforceable contract if accepted by Plaintiff. Where the terms of a contract or offer are definite and unambiguous the court should construe the offer according to

14

its language and not the subjective intent of the parties. *William Blair and Company, LLC,* 358 Ill.App.3d at 335, 830 N.E.2d at 770. Therefore the alleged "newly discovered evidence" of the purported subjective intent of Clearwire on which Plaintiff's Motion is based may not be considered, and the Motion should be denied. Further, even if the Court were to consider the alleged "newly discovered evidence" it fails to satisfy the prerequisites for relief under Rule 60(b)(2), and therefore Plaintiff's Motion should be denied.

The extraordinary circumstances necessary under Rule 59(e) or 60(b)(2) to warrant reconsideration of the Court's September 2, 2010 order dismissing this case are not present here. Plaintiff's motion is wholly lacking in merit and should be denied.

                    Respectfully submitted,

                    **CLEARWIRE CORPORATION**

                    s/Bart T. Murphy
                    By one of its attorneys

Bart T. Murphy (ARDC # 6181178)
Thomas J. Hayes
Ice Miller LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
(630) 955-6392
Email: *bart.murphy@icemiller.com*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on September 27, 2010, he caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the Clerk's ECF/CM system which electronically served a copy of the foregoing on the following counsel for Plaintiff:

      Michael J. McMorrow      mjmcmorrow@edelson.com
      Ryan D. Andrews         randrews@edelson.com

      s/Bart T. Murphy

Bart T. Murphy
Ice Miller LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
(630) 955-6392

C/100477.1